SAMUEL W. WRIGHT, RESPONDENT, v. JACOB SAUNDERS, APPELLANT.

*Negligence—Leaving Post-holes in Street open at Night.*

A Defendant is liable for damages resulting to Plaintiff for digging post-holes on the line of his lot and the street, extending into the travelled part of the sidewalk, and leaving them open during the night, without any guard or protection, by reason of which the Plaintiff stepped into the hole and was injured.

*F. Keman* for Appellant.
*Hardine & Burrows* for Respondent.

DAVIES, CH.J.—This action is to recover damages for the negligence and wrongful acts of the Defendant, in having dug post-holes in a public street, in the village of St. Johnsville, and leaving the same open and unguarded, into which the Plaintiff stepped in the night-time, and injured his limb. The action was tried before a referee, who gave judgment for the Plaintiff, and the same was affirmed at the General Term.

The facts found by the referee are as follows:

*First.* That the Defendant, in the month of November, 1863, owned and occupied a village lot in the village of St. Johnsville, bounded by a public street of said village, used by foot passengers, and at the time excavated several holes for fence posts along the line of and contiguous to said street, one of which extended into the travelled part of said street, and to the depth of two and one-half feet.

*Second.* The said Defendant, after digging such holes, carelessly and negligently omitted to cover or guard the same, and omitted to use any means to warn persons passing along the said street of the location of said excavations.

*Third.* On the 21st day of November, 1863, the Plaintiff, while passing along the said walk of said street, in the night-time, and ignorant of said excavation, accidentally stepped into the same, and his knee was thereby greatly injured, and the knee-pan thereof broken.

*Fourth.* The said Plaintiff suffered damages, by reason of ex-

penses for medical aid, loss of time, and incapacity for labor, to the amount of two hundred dollars, from the said acts of the said Defendant.

*Fifth.* The Plaintiff did not contribute by any fault or negligence to his injury.

And as a conclusion of law the referee found that the acts and conduct of the Defendant were negligent and careless and produced the injury to the Plaintiff aforesaid, and that the Plaintiff was entitled to recover therefor the said sum of two hundred dollars.

Judgment was therefore given for the Plaintiff, and affirmed at General Term.

Upon these facts, which are conclusive upon this court, the case is a very clear one. The Defendant's liability for the injuries caused to the Plaintiff from his illegal, careless, and negligent acts, is unquestioned.

It needs no citation of authorities to demonstrate it.

No exception was taken on the trial, or insisted on, to the admission or rejection of any evidence. It follows that the judgment should be affirmed, with costs; and as I can see no merits in this appeal, I suggest an affirmance with ten per cent. damages.

All affirm.