CHARLES ERICKSON, Respondent, v. THE TWENTY-THIRD STREET RAILWAY COMPANY, Appellant.

*Contributory negligence — evidence warranting a submission to the jury.*

A verdict in favor of the plaintiff, in an action brought to recover damages for a personal injury claimed to have been caused by the defendant's negligence, is not to be interfered with on the ground that the evidence disclosed contributory negligence on the part of the plaintiff so plainly that it became a question of law for the trial judge and that the case was erroneously submitted to the jury, where the evidence of contributory negligence was not so plain but that reasonable men might reach adverse conclusions upon the subject.

APPEAL by the defendant, the Twenty-third Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Kings county on the 10th day of January, 1893, upon a verdict rendered at the Kings County Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*Edmund Randolph Robinson,* for the appellant.

*J. Edward Swanstrom,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment in favor of the plaintiff against the defendant, and from an order denying a motion for a new trial upon the minutes of the court.

The action was for the recovery of damages for injuries sustained by reason of the carelessness of one of the drivers of the defendant's cars, and the insistence of the defendant upon this appeal is that the evidence disclosed the contributory negligence of the plaintiff so plainly that it became a question of law for the determination of the trial judge, and that it was erroneously submitted to the jury.

Upon consideration of all the facts and circumstances surrounding the action we find ourselves unable to adopt that view.

We do not think the evidence of the contributory negligence was so plain that reasonable men might not reach adverse conclusions upon the subject.

Such being our view, we cannot interfere with the verdict, and the judgment and order should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Judgment and order denying new trial affirmed, with costs.