ing the white lead, the defendant had visited the office at 41 Water street, "maybe half a dozen times." The sign of the Carter White Lead Company appeared on the front window. "Mr. Cahey was in charge of the office when I went in," says the defendant. "I never saw any one else there except Mr. Cahey, and never saw Mr. Stewart." From this and other evidence in the record it seems to me that the plaintiff, by permitting Cahey to be apparently in charge of its New York branch, held him out as being something more than a mere agent authorized only to sell goods, but not receive payment therefor. The facts are quite different from those in Higgins v. Moore, 34 N. Y. 417, relied upon by the appellant. There the payment for a lot of grain was made to a grain broker; who, as Judge Peckham says, had no apparent authority to do anything but make the sale. So, also, in Dunn v. Wright, 51 Barb. 244, which related to a sale of bags, the selling agent was a mere broker, and was known to the purchaser not to be a dealer in such bags as were the subject of the purchase.

The only ruling concerning evidence which requires notice was the admission of an affidavit made by Mr. Stewart in a criminal prosecution to recover from Cahey some of the money paid to him by the defendant. In this affidavit Mr. Stewart swore that the money was the property of the Carter White Lead Company. Of course, this was not received as tending to establish Cahey's authority to receive payment, but it was properly admitted on Mr. Stewart's cross-examination to impeach his credibility, for it was in conflict with the statement which he made on his direct examination, to the effect that no part of the plaintiff's claim had been paid by the defendant. I conclude that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(65 App. Div. 353.)

HEALY v. VORNDRAIN.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE—QUESTION FOR JURY.
    The evidence showed that certain premises of defendant were vacant, but for a crate used for the purpose of piling lumber, which was constructed near the sidewalk, between which crate and the walk, and within 20 inches of the walk, there was a hole 3 feet wide and several feet deep, which was unguarded. It appeared that the 20 inches next to the walk was also used by pedestrians. Plaintiff, while passing along in the evening, noticed a young child on the crate, and, thinking it to be in danger, took a single step to the side, slipped, and fell into the hole, breaking her arm. Held, that the evidence was sufficient to take the case as to defendant's negligence and plaintiff's contributory negligence to the jury.

2. SAME—QUESTION OF FACT.
    Whether a warning placed on the back of the crib, some distance from the walk, which was intended to warn people going on the premises, was sufficient as a warning of which plaintiff was bound to take notice, so as to have made her a trespasser, was a question of fact for the jury.
    Ingraham and Laughlin, JJ., dissenting.

Appeal from trial term, New York county.

Action by Margaret Healy against Catherine Vorndrain. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas P. Wickes, for appellant.

George H. Taylor, Jr., for respondent.

HATCH, J. This action is brought to recover damages for personal injuries averred to have been sustained by the plaintiff by reason of the negligence of the defendant in leaving unguarded a hole or excavation on her premises, contiguous to the street. The complaint avers that the negligence consisted, briefly stated, in the defendant's failure to fence, inclose, or protect a piece of land belonging to her, on the southerly side of 147th street, in the city of New York, and to properly inclose, protect, and fence a crib, crate, or structure or arrangement made of boards, planks, or timbers placed across each other at angles, leaving a space between them forming a sort of network on the top, and which crib, crate, or structure was even with or rested on or near the sidewalk, and was supported by posts, beams, planks, or boards upon said lot, and allowing the same to continue in such a condition, position, and proximity to the street, and in failing to provide proper safeguards to prevent young children from being enticed or allured from the street upon the crib, or upon the land of the defendant; that the plaintiff, while attempting to remove a young child from a dangerous position on said crib, in the evening, and to save him from falling and being injured, slipped between the sidewalk and one of the planks of the crib, and fell or was thrown down into a hole or space, opening, or gully along and between or in front of said crib and the sidewalk, and was severely hurt and injured, and her left arm broken between the elbow and wrist. At the close of the plaintiff's case the complaint was dismissed.

As I view the case, the evidence tended fairly to support the averments of the complaint. The premises of the defendant were vacant, except for a structure which is spoken of as "crib" or "crate," which was used for the purpose of piling or storing lumber. The hole into which the plaintiff fell was shown to be about 12 feet deep, 3 feet wide, and ran for about 14 feet within 20 inches of the edge of the city sidewalk. The use which had been made of the premises in hauling in and out the lumber and other materials had to some extent broken down the edge of the sidewalk upon this space of 20 inches, but it was used as part of the walk by pedestrians. The hole itself had existed for a considerable time, and was not protected by any guard or light at night. As the plaintiff was proceeding along the walk, she saw a neighbor's child sitting upon a timber near the hole. Thinking the child was in danger, she took a single step to the side to pick it up, stepped upon some clay by the beam, and fell into the hole; going down until her head was about on a level with the sidewalk. In falling she struck her arm upon one of the timbers of the crib or crate, which stopped her fall and broke her arm, on account of which she avers that she sustained permanent injury. No evidence was given on the part of the defendant.

I am of opinion that the dismissal of the complaint was unwarranted, and constitutes reversible error. The questions of defendant's negligence and the plaintiff's contributory negligence, upon the testimony, were questions of fact which should have been left for the jury to determine, under proper instructions from the court. When an owner makes an excavation on his own land so near to the highway as to render travel thereon dangerous, and fails to guard it, he is chargeable with negligence by a person sustaining injury therefrom, in the absence of negligence on the part of the party injured, contributing thereto. Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175; Thompson v. Railroad Co., 41 App. Div. 78, 58 N. Y. Supp. 193. The defendant under such circumstances is in no measure relieved by the fact that in making use of his property and maintaining a hole he has invaded the sidewalk, and to some extent destroyed it. The particular act here complained of, and the one on account of which the plaintiff sustained injury, was the existence of a hole into which the plaintiff fell. That hole was maintained by the defendant, and the jury were authorized to predicate negligence thereon if the plaintiff was without fault. It is of small consequence whether the plaintiff was right or wrong in supposing that the child she went to rescue was in danger. She had the right so to suppose, and, in turning aside to secure it, was not engaged in an act which can be characterized as negligence as matter of law. She had the right to assume that the sidewalk was safe, and also to assume that the plaintiff maintained no pitfall in immediate proximity to the walk; and, in the absence of knowledge or warning of the existence of the hole, her act would not necessarily constitute contributory negligence. Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459; Chisholm v. State, 141 N. Y. 246, 36 N. E. 184; Ayres v. Railroad Co., 158 N. Y. 254, 259, 53 N. E. 22.

Nor can the plaintiff be charged as a trespasser, in any such sense as would bar her right to a recovery. The locus in quo was actually used, up to the edge of the timber, as part of the sidewalk; and the case, in principle, falls within the rule of the authorities which we first cited. The warning was placed upon the back of the crib, some distance from the walk, and was doubtless intended to warn people going upon the premises. It does not appear that it was seen by the plaintiff, or that it could be at the time when she received the injury. In any event, whether it was sufficient as a warning, of which the plaintiff was bound to take notice, was a question of fact for the jury.

If these views are sound, it follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and PATTERSON, J., concur.

INGRAHAM, J. (dissenting). The defendant is to be held liable upon the principle that where an owner makes an excavation on his land so near the highway as to render travel thereon dangerous, and fails to guard it, he is chargeable with negligence, notwithstanding that no such condition is alleged in the complaint or proved upon the

trial. Nor did the plaintiff, according to her own story, fall into any excavation, nor was she injured as the result of any dangerous structure or condition created or maintained by the defendant. The complaint alleges, and the evidence is undisputed, that the level of the defendant's land was lower than the surface of the street, the street having apparently been filled up to conform to its grade, and that the slope down to the level of the defendant's land commenced upon the sidewalk, so that the depression is in the street, and not in consequence of any condition of the defendant's property, or of any use to which it had been put. The complaint expressly alleges that the plaintiff fell into "the hole, space, opening, or gully on the sidewalk," not upon the defendant's property. Nor was the plaintiff injured by falling into such a depression, either upon the street or upon the defendant's property. Her testimony is that, seeing a child upon some timber placed upon the defendant's property, she said to the child, "Come; I shall take you to your mamma," and stepped forward so that the child could come to her. Her foot slipped in ʳ red clay that was around by that beam, and she fell right down until her head was almost on a level with the sidewalk. It is not claimed that these beams were on the street. The undisputed testimony is that they had been placed upon the defendant's property by her husband, being used by him in his business as house mover. The plaintiff must therefore have walked from the street down the slope to the defendant's lot, and, when she got by the beam, stepped upon some red clay that was on defendant's property. Upon what principle this can be said to impose upon the defendant liability for the accident, I am unable to understand. There was no excavation caused or maintained by the defendant. There was no obligation upon her to fence her property so that persons could not walk upon it from the street and slip when there. I assume that the plaintiff was not a trespasser; but, assuming that she was rightfully on the property, she was there by no invitation or consent of the defendant, nor in the discharge of any duty. She voluntarily placed herself in this position, possibly for a laudable purpose; but when she was upon the defendant's property the defendant owed her no duty to protect her from slipping, and is not liable for an injury sustained because some red clay had washed down against the timber that was there, and plaintiff slipped upon it. With the law as stated in the prevailing opinion, there is no objection, but it is based upon an assumed state of facts neither alleged nor proved in this case. Nor could it be said that, if the pile of timber placed upon the defendant's premises was of a dangerous character, the defendant was responsible for it. She had nothing to do with placing the timber there, and, if this timber caused the injury, the defendant's husband, who placed it there, and who used it for his own purposes, was the person responsible. It seems to me that the facts as alleged and proved are entirely insufficient to charge the defendant with negligence, and I therefore think the judgment should be affirmed.

LAUGHLIN, J., concurs.