(120 App. Div. 645)

### COLLINS v. DECKER.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

NEGLIGENCE—USE OF PREMISES—CARE AS TO TRESPASSER.
    Where a person hastening around a corner left the sidewalk in order to save time, and while trespassing on adjoining private premises fell into a stairway and was injured, he could not recover damages from the owner of the premises.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 45.]

Appeal from Trial Term, Chenango County.

Action by Luke J. Collins against Joseph A. Decker. From a judgment for plaintiff, and an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Reversed, and new trial granted.

Main street in the village of Afton, Chenango county, is the principal business thoroughfare in said village. Extending at right angles from Main street to a railroad station is an alley or passageway known as "Railroad Avenue." This avenue is not used for vehicles, but is provided with a sidewalk 8 feet in width, which is used as a public thoroughfare by pedestrians. Defendant is the owner of a store fronting on Main street, and at the corner of Main street and Railroad avenue. A sidewalk 14 feet in width extends along Main street adjacent to the front line of said store. Between the store and the sidewalk on Railroad avenue, and adjacent to the side of the store, is a flight of stairs which affords access to the basement of the store. The entrance to this stairway faces toward Main street, and is 2 feet from the front line of the store and from the sidewalk which is traversed by the public. The intervening space of 2 feet is level with the sidewalk. The stairway is 4 feet wide and 3 feet distant from the sidewalk on Railroad avenue. It is therefore wholly on defendant's premises, being 2 feet from Main street and 3 feet from Railroad avenue. It is guarded on the side toward Railroad avenue, but the entrance toward Main street is unguarded. The plaintiff on a dark evening, while hastening to the railroad station, turned sharply from Main street around the corner of defendant's store toward Railroad avenue, fell into the

said stairway, and received injuries from which he has recovered the judgment appealed from herein.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

.. Hubert C. Stratton, for appellant.

U. C. Lyons and W. B. Matterson, for respondent.

COCHRANE, J. '"The owner of land is not bound by the common law to fence his land or in any way to mark the boundaries of his possession. Wells v. Howell, 19 Johns. 385; Stafford v. Ingersol, 3 Hill, 38. He may leave it open, and a person entering thereon without permission is a trespasser, and it is no excuse that the entry was made innocently and by mistake; and the rule is the same in respect to a traveler on the highway who, without necessity, goes therefrom onto the adjoining land. The owner of land may also make an excavation on his own premises,. and is not bound to fence it for the protection of persons not lawfully on the land. This is the general rule, and rests upon the right of the owner to use his property as he pleases, and in the absence of special circumstances, if a person traveling on a highway deviates therefrom and falls into a pit or excavation on the adjacent land, the owner is not responsible for the resulting injury." Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175, An exception to the general rule above enunciated is stated in Hardcastle v. South Yorkshire Railroad Company, 4 Hurl. & N. 67, cited . approvingly in Beck, v. Carter, supra. The court in the English case said:

"When an excavation is made adjoining a public way, so that a person walking upon it might, by making a false step, or being affected by giddiness, or, in the case of a horse or carriage way, might by the sudden stumbling of a horse, be thrown into the excavation, it is reasonable that the person making such excavation should be liable for the consequences; but when the excavation is made at some distance from the way, and the person falling into it would be a trespasser upon the defendant's land before he reached it, the case seems to us to be different. We do not see where the liability is to stop. A man getting off a road on a dark night and losing his way may wander to any extent, and if the question be for the jury no one could tell whether he was liable for the consequences of his act upon his own land or not. We think the true test of legal liability is whether the excavation be substantially adjoining the way, and it would be very dangerous if it were otherwise—if in every case it was to be left as a fact to the jury whether the excavation were sufficiently near to the highway to be dangerous."

In Hadley v. Taylor, L. R. 1 C. P. 53, cited in Beck v. Carter, the case as reported shows that the "hoist hole" into which plaintiff fell "was within 14 inches of the highway." The court, all the judges concurring, said:

.' "I think, however, the defendants (assuming them to be in possession of the adjoining premises) would be liable for a nuisance to the highway, if the excavation was so near to it that a person lawfully using the way and using ordinary caution, accidentally slipping, might fall into it."

The circumstances of the accident do not appear; but, as a verdict for the plaintiff was sustained, we may infer from the language of the court above quoted that plaintiff slipped or accidentally fell.

The case of Beck v. Carter, supra, is relied on by the respondent as an authority herein. I think it is distinguishable. Although the excavation into which plaintiff fell in that case was distant from the original boundaries of the highway, all of the intervening space was in common use by the public with the knowledge and acquiescence of defendant, and the excavation was therefore immediately adjoining land which for a long time had been used as part of the highway. The plaintiff in that case was expressly stated not to have been a trespasser. In this case, although the margin between the stairway and the public sidewalk was narrow, there is no evidence that it was ever traversed by the public. In fact, from the condition which there existed, it could not well have been thus traversed. The boundaries of Main street and Railroad avenue and their intersection were well marked. Plaintiff could not well have fallen into the stairway without first becoming a trespasser on defendant's premises; unconsciously of course, but no less a trespasser because of that fact. If it be conceded that because of the nearness of this stairway to the sidewalk a person could have fallen into the stairway without becoming a trespasser on defendant's property, nevertheless that is not the plaintiff's case. He left the sidewalk for the purpose of shortening his course. There is no difference in principle whether the stairway be 2 feet or 20 feet from the sidewalk. The act of plaintiff in leaving the sidewalk may have been natural and excusable. But he did not take the time or trouble to properly inform himself of the exact boundaries of the streets as indicated by the sidewalks, or, perhaps conscious of the boundaries and recognizing them, he nevertheless in his haste disregarded them. In either event the penalty of his misfortune should not be visited on the owner of the property, who did not interfere with the highway or render it dangerous to a traveler as long as the traveler kept thereon.

In considering the English cases referred to in Beck v. Carter, supra, and the cases in this state bearing on the subject, I am convinced that the test of liability is whether the excavation adjoins the highway or is in such close proximity thereto that a person while on the highway, slipping, or stumbling, or making a misstep, falls into the excavation, but that such liability does not exist where the traveler deviates from the highway for ever so short a distance and becomes a trespasser before he falls. There are some dicta which seem to indicate a greater liability; but I am not aware that a property owner has ever been held liable, except as above indicated.

None of the cases cited by plaintiff sustain his position. In Thompson v. New York Central & Hudson River Railroad Company, 41 App. Div. 78, 58 N. Y. Supp. 193, the defendant actually interfered with the highway by crossing it with its tracks and with the ditch into which plaintiff fell. The court said:

"It was for the jury to say whether or not the defendant was guilty of negligence in constructing and maintaining a ditch of the character of the one in question in such close proximity to the highway that a traveler, by making a single misstep while attempting to cross such ditch, should have fallen into it."

The entire situation was one which had been created by the defendant, and the case is wholly unlike the present case.

In Healy v. Vorndran, 65 App. Div. 353, 72 N. Y. Supp. 877, the headnote is misleading. The plaintiff there, while engaged in the lawful and laudable occupation of attempting to rescue a child sitting on a timber in a perilous position, and while standing on land used by the public as a part of a street, slipped and fell into the excavation. The court said:

"Nor can the plaintiff be charged as a trespasser in any such sense as would bar her right to recovery. The locus in quo was actually used up to the edge of the timber as part of the sidewalk."

In Murphy v. Perlstein, 73 App. Div. 256, 76 N. Y. Supp. 657, the excavation was immediately adjacent to the sidewalk. Plaintiff, walking around some slush and water on the sidewalk, proceeded close to the excavation, slipped, and fell therein. But when she slipped she was on the highway.

All the foregoing cases are clearly within the exception to the general rule, and emphasize the ground of liability heretofore indicated. Cases against municipalities are unimportant as authorities. They depend on different principles. I do not mean to intimate that this action may or may not be maintained against the village. But it may safely be asserted that the municipality owes the duty of some care for the safety of the traveling public. Such duty is affirmative. The duty of the adjoining landowner is negative, viz., not to interfere with the highway or to impair its safety for a traveler so long as he remains thereon. The proposition may perhaps be differently stated as follows: It is not the duty of a property owner to guard an excavation on his own premises against a wayfarer who may accidentally or otherwise wander from the highway; but it may be the duty of the municipality to guard the highway, so that the wayfarer may not wander therefrom and into the excavation. Whether or not that duty rested on the municipality in the present case we are not now required to decide.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.