(155 App. Div. 559.)

### FRIEDEL v. COFFIN et al.

(Supreme Court, Appellate Division, First Department. March 14, 1913.)

1. NEGLIGENCE (§ 38*)—DANGEROUS PREMISES—EXCAVATION ADJOINING SIDEWALK.

Where an areaway was excavated contiguous to a traveled sidewalk, it was the duty of the owner or lessee to see that it was properly and reasonably guarded, whether it was within the street line or wholly on the premises of the adjoining owner.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 54; Dec. Dig. § 38.*]

2. NEGLIGENCE (§ 136*)—DANGEROUS PREMISES—QUESTION FOR JURY.

Where an areaway was excavated contiguous to a traveled sidewalk; and the evidence was not so plain that reasonable men might not reach adverse conclusions on the subject, whether a railing erected by the owner of the adjoining premises was a reasonably safe protection was for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Appeal from Trial Term, New York County.

Action by Julius Friedel, as administrator of Martha Friedel, deceased, against Euphemia S. Coffin and another. From a judgment dismissing the complaint, and from an order denying plaintiff a new trial, he appeals. Reversed, and new trial granted.

See, also, 152 App. Div. 884, 136 N. Y. Supp. 1135.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

J. Franklin Tausch, of New York City, for appellant.
William A. Jones, Jr., of New York City, for respondent Coffin.
James J. Mahoney, of New York City, for respondent Wagner.

SCOTT, J. [1] Whether the areaway was within the street lines or wholly upon the premises owned by the defendant Coffin and leased by the defendant Wagner, it was contiguous to the traveled sidewalk, and it was the duty of the owner and lessee to see to it that the excavation was properly and reasonably guarded, for the presence of a deep excavation along the lines of the sidewalk, unless sufficiently guarded, necessarily created danger. Donnelly v. City of New York, 166 N. Y. 315, 319, 59 N. E. 989.

[2] Whether the railing erected by the owner was a reasonably safe protection, considering the fact that children as well as adults

were likely to use the sidewalk, was primarily a question for the jury (Id.), for, unless the evidence is so plain that reasonable men might not reach adverse conclusions upon the subject, a question of fact is presented for submission ·for the jury. Erickson v. Twenty-Third Street R. R. Co., 71 Hun, 108, 24 N. Y. Supp. 603. Upon the evidence as it stood when the complaint was dismissed, we think that reasonable men might well differ as to the sufficiency of the railing. It was therefore error to dismiss the complaint.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.