MORITZ FRIEDMAN, Respondent, *v.* JOHN C. WELWOOD, Appellant. .

SARAH FRIEDMAN, Respondent, *v.* JOHN C. WELWOOD, Appellant.

First Department, December 6, 1918.

Negligence — injury to pedestrian while walking along the sidewalk by slipping and falling down staircase leading into defendant's building — evidence — municipal corporations — risks by persons using streets of city.

In actions against the owner of a building in the city of New York to recover damages for personal injuries sustained by the plaintiff, and for expenses and loss of services brought by her husband, it appeared that in front of the defendant's building, which is occupied by stores on the ground floor and apartments above, there is an entrance thirty-seven inches wide to a passageway leading to the rear, which is used as a means of exit to the street; that a flight of stairs leading from the passageway to the street is entirely inside of the building, and that the plaintiff while walking along the sidewalk slipped and fell down the staircase and was

injured.   Evidence examined, and *held*, insufficient to establish any negligence on the part of the defendant, and that, therefore, the complaints should be dismissed.

A person using the streets of a city must be subjected to the risk of necessary and accustomed use by others of the property adjoining the street.

APPEAL in each case by the defendant, John C. Welwood, from judgments of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of February, 1918, upon the verdict of a jury, and also from orders entered in said clerk's office on the 25th day of February, 1918, denying defendant's motion for a new trial in each case made upon the minutes.

The verdict in the first case was for $1,000.   That in the second was for $500.

*Bertrand L. Pettigrew,* for the appellant.

*Sidney L. Teven* of counsel [*George A. Rosen,* attorney], for the respondents.

PAGE, J.:

The actions are brought to recover damages for personal injuries sustained by the plaintiff Sarah Friedman, and for expenses and loss of services brought by her husband, Moritz Friedman.

The defendant is the owner of a building in the borough of The Bronx, which is occupied by stores on the ground floor and apartments above.   In the front of the building there is an entrance thirty-seven inches wide to a passageway that leads to the rear of the premises and is a part of the fire escape provisions of the building, the fire escapes being upon the rear of the building and this passageway is used as a means of exit to the street.   A flight of stairs consisting of ten steps leading from the passageway to the street  was entirely inside of the building, the top riser practically marking the building line. The plaintiff Sarah Friedman  testified that on March 8, 1915, at about nine P. M., while walking along the sidewalk in front of the defendant's premises, she slipped and fell down the staircase and suffered the injuries for which she has recovered a judgment of $500; and her husband has recovered

a judgment of $1,152.24. The superintendent of buildings of the borough of The Bronx, who erected these buildings in 1911, testified that this was a usual and customary manner of erecting buildings of this character and that ninety per cent of such buildings in the borough had similar entrances. The plan examiner of the tenement house department also testified that this form of construction was a common construction in the borough of The Bronx. There was a gate provided at the entrance. The plaintiff's daughter, who resided on the premises, testified that the latch was out of order and that the gate had been tied back. This, however, has very little bearing upon the case, for it was not shown that there was any requirement for a gate, and the building superintendent testified that less than twenty-five per cent of such structures were provided with a gate.

No defect in the sidewalk was alleged or proved, and how Mrs. Friedman fell into this opening is not very clearly shown.

Entrances to buildings by means of stairways leading directly from the street are very common in New York city, in many instances within the stoop line; and entrances to subway stations are largely within the sidewalk lines. Such entrances are essential for the transaction of business, the convenient access to dwellings, and the transportation of the population within the confines of the municipality. It would not be practicable to guard such entrances with railings or gates; therefore, it has been the customary practice to have them open and unguarded. A person who uses the city streets must of necessity be subjected to dangers that would not be present on a country highway. For that reason the cases holding that an excavation near a highway should be guarded, relied upon by the respondent, can have no bearing upon the case under consideration. A person using the streets of a city must be subjected to the risk of necessary and accustomed use by others of the property adjoining the street. For example, in the business section large glass windows front immediately on the sidewalk, constituting a most serious menace to a passerby who should slip and fall against one, yet no one would contend that the placing of such windows in the front of a building would constitute either negligence or nuisance

so that the owner, because of their existence, would be liable in damage to a person so injured.

There is, in this case, no evidence tending to show negligence on the part of the defendant, or that he was responsible in any way for Mrs. Friedman's fall or the injuries she sustained. (*White* v. *Daniels*, 39 App. Div. 668.)

The judgments and orders should be reversed, with costs to the appellant, and the complaints dismissed, with costs to the defendant.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgments and orders reversed, with costs, and complaints dismissed, with costs.