LOUISE M. BENNETT, as Administratrix, etc., of JACOB BENNETT, Deceased, Plaintiff, *v.* THE TOWN OF KENT and THE CITY OF NEW YORK, Defendants.*

Supreme Court, Putnam County, July 22, 1924.

Municipal corporations — action against city of New York to recover for death of plaintiff's intestate who slipped and fell from road passing through reservoir and was drowned — road constructed by city pursuant to Laws of 1883, chap. 490, as amended, is in effect public highway — city bound to use ordinary care in maintaining road safe for public use — failure of city to replace guard rails — questions of negligence and contributory negligence properly submitted to jury — verdict for plaintiff not against weight of evidence.

A road or causeway through a reservoir constructed by the city of New York thirty years ago, pursuant to Laws of 1883, chapter 490, as amended by Laws of 1887, chapter 196, which made necessary the elimination of a public highway theretofore existing and used, and which is now controlled and maintained by the city, constitutes a public highway, and, therefore, the city owes a duty to the public to see that said roadway is properly and reasonably guarded.

Accordingly, in an action to recover for the death of plaintiff's intestate, who, while pushing an automobile along said road, slipped and fell into the reservoir and was drowned, the questions as to the plaintiff's contributory negligence and as to the defendant's negligence were properly submitted to the jury, and the verdict for the plaintiff is not against the weight of the evidence, in view of the admitted fact that the guard rails abutting the road, placed at the edges thereof some thirty years previously, have never been repaired nor painted by the city and have been permitted to disappear by reason of rot and weather conditions, particularly at the point where the plaintiff's intestate lost his life.

MOTION to set aside verdict and for a new trial in an action for negligence arising from the death of plaintiff's intestate.

*Willis H. Ryder,* for the plaintiff.

*George P. Nicholson, Corporation Counsel,* for the defendant City of New York.

TAYLOR, J.:

The jury has found that the plaintiff's intestate met his death by drowning in the reservoir of the defendant city, in the town of Kent, Putnam county. He slipped from the edge of a narrow road or causeway running through the reservoir. The verdict necessarily includes findings of negligence on the part of the municipality and no contributory negligence on the part of the deceased. The complaint was dismissed as against the town of Kent as concededly the site of the accident was owned and con-

* Affd., 213 App. Div. 873.

trolled exclusively by the defendant city. As to the defendant city, the negligent acts or omissions asserted were: (a) That the city owning the reservoir, full of water, adjoining the causeway omitted the duty of guarding reasonably and properly the *locus in quo*, so that persons lawfully using the causeway and exercising ordinary care in so doing, might not be injured by slipping from the edge of the road and falling into the water; and (b) that the city omitted the duty which plaintiff alleged it owed to the deceased to use ordinary and reasonable care that the causeway or road should be in a safe condition for use and not unguarded at points thereof which might be dangerous because of proximity to the water. Questions of fact presenting both these claims were submitted to the jury against the protest of the defendant's counsel who contended that as a matter of law under the proofs there was no liability because (1) no negligence on the said defendant's part was shown; and (2) because the deceased was guilty of contributory negligence as a matter of law.

It is clear that if the causeway had the attributes of a public highway of the city upon which the deceased had a lawful right to travel, the defendant owning the depression which was practically an excavation full of water adjoining the roadway, owed a duty to the plaintiff to see that the *locus in quo* was properly and reasonably guarded, because the presence of the reservoir and the water therein necessarily created danger to passersby, unless the place was sufficiently guarded. (*Friedel* v. *Coffin*, 155 App. Div. 559; affd., 214 N. Y. 698; *Beck* v. *Carter*, 68 id. 283; *Healy* v. *Vorndran*, 65 App. Div. 353. And see *Jennings* v. *Van Schaick*, 108 N. Y. 530; *Ayres* v. *D., L. & W. R. R. Co.*, 158 id. 254, 259.) For reasons hereinafter indicated I have determined that the causeway was in effect a public highway owned and controlled by the defendant city. Therefore, the submission of the question of the defendants' alleged negligence for failure to guard the *locus in quo* reasonably and properly was not error. (Ibid.) In this connection it is to be noted again that by stipulation it was agreed that the water in the reservoir, the embankment leading upward therefrom to the causeway, and the road itself, " were all controlled exclusively by the city of New York."

This causeway through the reservoir was built thirty years ago by the defendant city, by legislative authority and direction. (Laws of 1883, chap. 490, § 36, as amd. by Laws of 1887, chap. 196.) The improvement made necessary the elimination of a public highway theretofore existing and used. The city was by law " required to build and construct such highways and bridges as may be made necessary by the construction of any reservoir in

the county of * * * Putnam under this act." (Id. § 36.) Further it was required "to repair and forever maintain such additional highway bridges as may be made necessary by the construction of such reservoir or reservoirs." (Id. § 36.) The act indeed does not in terms require the repair and maintenance, or either, by the city, of the new highway so constructed — only the bridges are in that category. This leads the learned counsel for the defendant city to suggest that the latter owed no duty to the decedent, a traveler on the causeway, to see to it that the causeway was reasonably safe for the public use. I held to the contrary upon the trial; after careful study and further consideration I adhere to the view I then took of the matter. A public highway was eliminated. The defendant knew the requirement of the statute (*supra*), built the new road or causeway which it concededly controls and at least by necessary implication invited the public to use it in place of the old highway. It has been so used without objection for more than twenty years. (See Highway Law, § 209.) That is to say for thirty years. It has all the attributes of a public highway of a municipality as set forth in the authorities (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *Johnson* v. *City of Niagara Falls*, 230 id. 77), except that the city has not worked the road; but as it constructed the road its non-working of it makes no legal difference. The city never conveyed this causeway to the town of Kent; it was and remained a public highway controlled by the city. Therefore, the municipality's duty as to the decedent was to use ordinary and reasonable care and indeed active vigilance to keep it in a safe condition for use. (*Hubbell* v. *City of Yonkers*, 104 N. Y. 434, 438; *Hunt* v. *Mayor*, 109 id. 134.) It was also bound to guard that highway at dangerous points in a reasonable manner. (*Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Ivory* v. *Town of Deer Park*, 116 id. 476.) Of course, the city was not an insurer of the safety of the road or liable for the injury resulting from an occurrence which could not have been reasonably anticipated or foreseen. (*Hubbell* v. *City of Yonkers, supra.*) It cannot be said that as a matter of law such an accident as happened to the decedent could not have been reasonably anticipated, particularly in view of the conceded fact that the city once placed guard rails in position. No claim was made here by the plaintiff that there was a faulty initial plan for the construction of the causeway, involving a *quasi* judicial act on the city's part for which no liability was or could have been incurred. (*Hesse* v. *City of New York*, 185 App. Div. 707; *Ebbets* v. *City of New York*, 111 id. 364.) It is to be noted in this connection that when a plan is once adopted " the municipality then becomes liable for negligence

either in construction or maintenance." (See *Ebbets* v. *City of New York, supra; Urquhart* v. *City of Ogdensburg,* 91 N. Y. 67.)

After a most careful consideration I have determined that no error was committed in my holding that the causeway was in legal effect a public highway of the city and upon the subject of the city's liability for negligence in connection therewith. Nor do I think that the contention of the defendant that decedent was guilty of contributory negligence as a matter of law is well founded. The defendant claims that deceased left a place of safety in the automobile and went to one of obvious danger at the side of the machine from which he slipped and fell into the water. It is well established, I think, that whether deceased who was lawfully on the highway engaged in a lawful act of pushing the automobile, was exercising ordinary care and caution under the circumstances, was properly left to the jury as a question of fact. (*Bullock* v. *Mayor,* 99 N. Y. 654; *Evans* v. *City of Utica,* 69 id. 166; *Weed* v. *Village of Ballston Spa,* 76 id. 329; *Healy* v. *Vorndran, supra.*)

The jury had a right to infer from the evidence that the deceased met his death, as alleged, from drowning. The man was living immediately before immersion; he was under the water on the reservoir bottom at the time when the others succeeded by means of a rail in pulling him out of the water; he was then dead; a physician gave it as his opinion that the deceased died from drowning. The matter of the cause of death was not challenged by any express proof by the defendant and was left to the jury who determined the question in plaintiff's favor.

The verdict in my opinion finds ample support in the evidence and is, I think, a just one, particularly in view of the admitted circumstances that the guard rail was placed at the edges of the causeway thirty years ago and never repaired or painted by the defendant but allowed to rot away or disappear, particularly at the point where deceased lost his life.

A most able brief has been presented by the defendant's learned counsel, whose masterly conduct of the city's case impressed all who were in the court room. I have considered most carefully the various points raised by him and after such consideration have determined that they are not well taken.

The motion of the defendant to set aside the verdict and for a new trial is denied; exception to the defendant; thirty days' stay to the defendant and sixty days to make a case.