Thomas Kelly, Respondent, *v.* Sabin Estates, Inc., Appellant.

First Department, January 29, 1952.

*Alexander E. Rosenthal* of counsel (*Mordecai Dancis* with him on the brief; *Irving Segal,* attorney), for appellant.

*Alfred S. Julien* of counsel (*Max Shamis* with him on the brief; *Philip Di Costanzo,* attorney), for respondent.

Van Voorhis, J. Defendant appeals from a judgment for plaintiff, entered upon the verdict of a jury, awarding damages for personal injuries caused by his falling down the unguarded steps of a fire passageway adjacent to the sidewalk at 85 Audubon Avenue, in the borough of Manhattan. The accident happened in the early morning following V-J Day in August, 1945. Plaintiff had been celebrating the victory. The hospital record, showing that emergency service was tendered to plaintiff at 5:10 A.M., states that his breath had a strong alcoholic odor, that he appeared to be inebriated, that he showed evidence of being a chronic alcoholic, and that while at the hospital he suffered from probable delirium tremens. The inference is strong that the damages which he has been awarded were due, in part at least, to his own negligence. A new trial should be granted, under all of the circumstances in the case, upon the ground that the verdict is contrary to the evidence.

Defendant's counsel, citing *Friedman* v. *Welwood* (185 App. Div. 268), argues for dismissal of the complaint. It is said that fire exits from basements, similar to that on defendant's premises, were required by municipal regulation when this building was erected in 1911, and that exits from basements by means of stairways leading directly to the street are common in New York City in the case of older types of buildings. The only charge of negligence against defendant which could hold up, is failure to have hooked a chain across the entrance to this cellarway, which had been provided for that purpose. In *Friedman* v. *Welwood* (*supra*), decided in 1918, a gate had been installed at the top of such a stairway, but was not in use at the time of the accident. The building superintendent in the *Friedman* case testified that less than 25% of such structures in New York City were provided with gates.

*Friedman* v. *Welwood* was a borderline case when it was decided. The rule had previously been established that, although an owner whose land abuts upon a highway is not liable to a trespasser, he may nevertheless be answerable for maintaining a dangerous condition so close to the public thoroughfare that a traveler is injured by a slight and inadvertent deviation (*Beck* v. *Carter*, 68 N. Y. 283; *Wright* v. *Saunders*, 36 How. Prac. 136; *Thompson* v. *New York Central & H. R. R. R. Co.*, 41 App. Div. 78; *Healy* v. *Vorndran*, 65 App. Div. 353; *Murphy* v. *Perlstein*, 73 App. Div. 256; *Friedel* v. *Coffin*, 155 App. Div. 559, affd. 214 N. Y. 698). Thirty-three years have elapsed since *Friedman* v. *Welwood* was decided, and other safer types of fire exit have been devised. The older stairway, leading down from the edge of the sidewalk, although still familiar, is being superseded. There is no testimony in this record, as there was in the *Friedman* case, that 75% of such passages are still unguarded. *Bryan* v. *Hines* (245 App. Div. 322), citing *Klepper* v. *Seymour House Corp.* (246 N. Y. 85); *McKeever* v. *New York Tel. Co.* (279 N. Y. 651); *Tymon* v. *M. L. S. Constr. Co.* (262 N. Y. 161); *Mitchell* v. *Brooklyn Constr. Co.* (264 N. Y. 634), and similar cases have since been decided. Although the verdict in the case at bar is contrary to the evidence and a new trial should be granted, we hesitate to dismiss the complaint upon the law. A question of fact is presented whether the entrance to this cellarway should have been guarded by some kind of barrier such as the chain which, upon this occasion, was hanging there unfastened.

The judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

PECK, P. J., DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.