Jasen, J.
Plaintiff, one of three passengers in an automobile owned and operated by defendant Malkan, was injured when the vehicle struck a utility pole owned by defendant Consolidated Edison Company. The pole which Malkan’s car struck was approximately seven inches from the edge of the road and was located on private property behind a two-inch *298 granite header.[1] There is no explicit testimony as to how the car came in contact with the pole, since Malkan[2] and the plaintiff stated that they did not know precisely what occurred. The only recollection plaintiff had of the accident was that he heard a “ thump ” and then found himself lying by the side of the road. The other passengers did not testify.
The trial court instructed the jury that ‘ ‘ the law imposes a duty upon the defendant [Consolidated Edison] that the pole must be so located as to avoid unreasonable and unnecessary danger to travelers upon the highway, regardless of whether it is on private or public property.” (Emphasis added.)
We hold this instruction to be erroneous, as a matter of law, and upon the facts of this case the complaint should be dismissed.
It is common practice in this State to locate utility poles along our highways between the edge of the traveled road and the end of the dedicated portion of the highway. When a collision with one of these poles occurs, it is frequently claimed that the proximate cause of the occurrence was the location and maintenance of the pole. In such cases, we have taken the view that placement of poles or other objects-—such as fire hydrants, guardrails, culverts, trees and shrubbery—in close proximity to the pavement and within the highway right of way, raises a question of fact for jury determination as to whether the placement of that object was such as to create an unreasonable danger for travelers on the highway.[3] (Trabisco v. City of New York, 280 N. Y. 776; Koehler v. City of New York, 262 N. Y. 74; Stern v. International Ry. Co., 220 N. Y. 284.)
On its face, this rule might appear to have application to this case. However, unlike the cases cited above,, the pole herein was not within the public right of way, but rather was located on private property. Under such circumstances, we believe *299 that there should be no liability against -the landowner, or Ms licensee, for an injury to a traveler arising out of a collision with the pole.
Were we to apply the Trabisco rule to the facts in this ease, we would be severely restricting the property owner’s use of his own land. Indeed, under such a holding, a driver, swerving off the road and striking an object entirely on private property, would be entitled to bring an action against the landowner and have a jury pass upon the question of whether the placement of the object, regardless of its distance from the road, was such as to create an unreasonable danger to travelers on the highway.
Carried to its logical conclusion, this rule would require a landowner to remove every tree, fence, post, mailbox or name sign located on his property in the vicinity of the highway, or permit them to remain, subject to possible liability. This, in our opinion, would impose an intolerable burden upon a property owner.
Moreover, such a rule would result in limiting the owner’s use of that portion of his property which abuts the road, and would be equivalent to a taking of private property for a public use without just compensation, in violation of our State Constitution (art. I, § 7, subd. [a]).
The rule applicable to excavations on private land adjacent to a public way (Beck v. Carter, 68 N. Y. 283, 291; Kelly v. Sabin Estates, 279 App. Div. 348, 349; Thompson v. New York Cent. & Hudson Riv. R. R. Co., 41 App. Div. 78, 81; Friedel v. Coffin, 214 N. Y. 698) is no more than an extension of the principle that one may not maintain a trap. The rule applies even to trespassers who it is known may come on the land, and, of course, a fortiori, to those who reasonably deviate from the public way. (See, Prosser, Law of Torts [3d ed., 1964], §§ 57, 58, pp. 360-361, 368-369.) There is neither practical need, nor social or economic justification, for unguarded holes. Thus, the owner ought, in any event, impose on himself minimum requirements to avoid hazard to users of the public way, whether pedestrian or motor traffic. But a utility pole is not a trap, nor is any other visible, sizeable, above-the-surface structure.
It is the continuing duty of the State or the municipality, not the abutting landowners, to maintain the highways and streets *300 in a reasonably safe condition for ordinary use by the public. This responsibility does not shift to the abutting landowner merely because the State elects to build or widen the traveled portion of a highway, so as to bring the road in close proximity to objects upon an abutting owner’s property. If the public right of way is too narrow, because of objects on the abutting land, the burden should fall upon the State to acquire additional property for its right of way and pay just compensation for it. In the absence of regulating legislation, the adjoining landowner or his licensee should not be required to restrict the lawful use of his own property, or to use it at his peril.
Accordingly, the judgment appealed from should be reversed and the complaint dismissed.

. When the pole was originally erected in 1929, it stood some five feet from' the edge of the traveled portion of the road. However, in 1941, the State widened the traveled portion of the highway, utilizing its entire right of way.

. The plaintiff: also brought an action against the driver of the car, Malkan, which was settled prior to trial for $10,000.

. This rule, of course, does not apply when the evidence clearly indicates that the negligence of the operator of the vehicle involved was the proximate cause of the accident. (Darling v. State of New York, 16 N Y 2d 907; Kinne v. State of New York, 8 A D 2d 903, affd. 8 N Y 2d 1068.)