OPINION OF THE COURT
William H. Keniry, J.
Is a landowner who maintains a "fieldstone” wall on his property adjacent to a town highway in a rural area legally responsible if a motorist fails to negotiate a curve, leaves the roadway and crashes into the wall, sustaining serious injuries resulting in his death? That is the central issue now presented for this court’s resolution on this motion for summary judgment.
Plaintiffs intestate Frank Scattareggia (Scattareggia) was operating a borrowed three-wheeled motorcycle, commonly known as an all-terrain vehicle (ATV) on Fire Tower Road, a rural dirt highway located in Rensselaer County. Scattareggia, 22 years old, was riding the borrowed ATV when he apparently failed to negotiate a lefthand curve. According to the plaintiff, Scattareggia was temporarily blinded as a result of a cloud of dust rising from the dirt road caused by a vehicle traveling ahead of him. His vehicle left the roadway striking a stone wall which at the point of impact was located, according to the testimony of witnesses, some 10 to 12 feet from the edge of the traveled portion of Fire Tower Road. The accident occurred on August 23, 1983 at approximately 4:00 p.m. Scattareggia died some 2Vz hours later from the injuries he sustained in the accident.
Thereafter, the plaintiff commenced a lawsuit alleging causes of action for wrongful death and conscious pain and suffering against the Town of Nassau, which allegedly owned and maintained Fire Tower Road; Walter Miller, the owner of the motorcycle; and Janet and Henry Brown, the owners of certain land adjacent to the road in question. The plaintiff then initiated a separate action against the Niagara Mohawk Power Corporation (Niagara Mohawk), the owner of land adjacent to Fire Tower Road at the site of the accident where the stone wall was located. The two actions were subsequently consolidated.
Following the completion of pretrial discovery and the filing of a trial note of issue by the plaintiff, the defendant Niagara *236 Mohawk filed a motion for summary judgment seeking dismissal of the plaintiff’s complaint. Niagara Mohawk contends that the mere presence of the stone wall on its real property cannot, as a matter of law, serve as the basis for the imposition of legal responsibility against it under the facts of this case. Niagara Mohawk argues that it was not negligent in its maintenance of the wall nor was it under any legal duty to warn the decedent of the presence of the wall. Niagara Mohawk further contends that the sole proximate cause of this accident was the failure of the decedent to properly control the motorcycle and keep it on the roadway.
The plaintiff opposes the motion contending that a triable issue of fact is presented as to whether Niagara Mohawk fulfilled its duty of care as a landowner to the plaintiff’s decedent. The plaintiff argues that the stone wall, on the day of the accident, was concealed and obstructed from the view of any motorist by grass, brush and bushes. She further argues that the stone wall created a dangerous condition because of its proximity to the roadway and that Niagara Mohawk had actual knowledge of the danger because of prior accidents on the curve in question wherein vehicles struck the wall. In her verified bill of particulars, the plaintiff alleges that Niagara Mohawk was negligent in maintaining a trap; in maintaining a concealed hazard; in failing to warn the public and the ( decedent of the abutment; in failing to properly maintain the abutment; in creating a hazardous and dangerous condition and in failing to remove it; and in failing to properly alert and advise "authorities” as to the existence of the hazardous and dangerous condition.
The standard of care that a landowner must exercise toward those entering his premises has been enunciated by the Court of Appeals in Basso v Miller (40 NY2d 233, 241) as that of a "single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability”. The Court of Appeals said in Basso that the adoption of such a rule did not alter the prevailing standard of proof and automatically create an issue of fact in a premises liability claim. The court said further that "the court * * * must make the threshold determination as to whether the plaintiff, by introducing adequate evidence on each element, has made out a case sufficient in law to support a favorable jury verdict. Only in those cases where there arises a real question as to the landowner’s negligence should the jury be permitted to proceed” (Basso v Miller, 40 NY2d, at p 242).
*237 Looking at the facts in the light most favorable to the plaintiff, it is clear to the court that Niagara Mohawk did not in any way cause or contribute to the alleged impairment of Scattareggia’s vision or to his failure to negotiate the curve on Fire Tower Road. The only possible basis for imposing liability upon Niagara Mohawk rests upon either the location of the stone wall in proximity to the roadway; the alleged obstruction of the wall by brush and weeds; or the failure of Niagara Mohawk to warn the decedent of the wall’s location.
It has been long established that the placement of a utility pole on private property, not within the public right-of-way, does not impose liability upon a landowner for an injury arising out of a collision between the structure and a motorist (Hayes v Malkan, 26 NY2d 295). Several decisions have upheld the nonliability of property owners in similar factual patterns (Hyde v County of Rensselaer, 51 NY2d 927 [utility pole located some 9Vz feet from edge of pavement]; Hayes v Malkan, 26 NY2d 295, supra [utility pole located on private property behind a granite header some seven inches from edge of road]; Darling v State of New York, 16 NY2d 907 [utility pole located between pavement and guide rail four feet, three inches from pavement edge]; Kinne v State of New York, 8 AD2d 903, affd 8 NY2d 1068 [maple tree located three feet from pavement edge]).
It has also been held that travel by a motorist beyond the limits of a roadway is generally neither contemplated nor foreseeable (Tomassi v Town of Union, 46 NY2d 91, 97). In discussing the design of roadways and appurtenant structures particularly in rural areas, the Court of Appeals in Tomassi stated: "Undoubtedly, certain risks are unavoidable. Especially in rural locales, such objects as utility poles, drainage ditches, culverts, trees and shrubbery are often in close proximity to the traveled right-of-way (see Hayes v Malkan, 26 NY2d 295, 297). But for the careful driver, the placement of these items near the pavement creates no unreasonable danger. Often they simply enhance the beauty of the highway, prevent the flooding of roadways and serve the needs of area residents.” (46 NY2d, at p 97.)
A recent decision of the Appellate Division, Fourth Department, held that there is no common-law duty imposed upon a landowner to control the vegetation on his property for the benefit of highway users (Krotz v CSX Corp., 115 AD2d 310).
Even assuming that the decedent’s view of the stone wall *238 was obscured or hindered by an overgrowth of brush on the day of the accident, there appears to be no common-law obligation on a private landowner to clear such vegetation from his property. The plaintiff does not contest the fact that the stone wall at the point of impact was some 8 to 10 to 11 feet from the roadway nor that it was located outside the public right-of-way. Indeed, there is no indication in the factual record presented to this court that the location or condition of the wall was a proximate cause of the accident or that its condition or location contributed in any manner to the decedent losing control of the vehicle and leaving the highway. The opponent of a summary judgment motion must establish the existence of a material issue of fact by producing evidentiary proof in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). Considering the facts of the case in the light most favorable to the plaintiff, the court can find no basis to impose legal responsibility upon the defendant Niagara Mohawk for the happening of this accident. The plaintiff has provided no precedent to allow the court to deviate from the application of the established law. The motion for summary judgment is granted.
The court, by virtue of its decision, finds no need to analyze in detail the applicability of General Obligations Law § 9-103 to the facts of this action except to comment that section 9-103 further expands the protections afforded a landowner against the imposition of liability in favor of persons using the property for certain recreational purposes including the riding of motorized vehicles. Although the entry of the decedent’s motorcycle upon Niagara Mohawk’s property in this case was clearly unintentional and unauthorized, there is some judicial support that section 9-103 would apply in such a situation (Hardy v Gullo, 118 AD2d 541; Wight v State of New York, 93 Misc 2d 560).
In order to succeed in establishing liability against a landowner under section 9-103, the plaintiff is obligated to prove that the defendant "willfully or maliciously failed to guard or to warn against a dangerous condition, use, structure or activity. The defendant’s negligence, if any, is immaterial” (Sega v State of New York, 60 NY2d 183, 192). Here, the plaintiff’s proof falls far short of such a showing. General Obligations Law § 9-103 has been applied to deny liability in situations similar to the case at bar (Hardy v Gullo, supra [dune buggy collided with mound of dirt and flipped over]; Messinger v Festa, 117 AD2d 784 [land rover driven over a *239 cliff]; Mattison v Hudson Falls Cent. School Dist., 91 AD2d 1133 [snowmobiler collided with partially snow-covered bench]; Wight v State of New York, supra [snowmobiler struck snow-covered concrete dock]). The fact that the stone wall in this case was allegedly obscured by brush and that Niagara Mohawk failed to warn motorists of the abutment, does not, in the court’s opinion, fall within the statutory exception contained in General Obligations Law § 9-103.
Defendant Niagara Mohawk’s motion is granted, without costs.