■ Sarita Scotti, Respondent, v Niagara Mohawk Power Corporation, Appellant, et al., Defendant. (And a Third-Party

Action.)—Order, Supreme Court, Bronx County (Jack Turret, J.), entered October 20, 1986, which, *inter alia,* denied the motion of defendant Niagara Mohawk Power Corporation for summary judgment, unanimously reversed, on the law, to the extent appealed from, and the motion granted, without costs.

At approximately 4:00 A.M. on July 4, 1982, the automobile in which plaintiff was a passenger was proceeding southbound into a curve on State Route 9G in the Town of Germantown, Columbia County, when it left the roadway, continued in an uncontrolled fashion for approximately 60 feet on the shoulder of the road before skidding sideways for some 229 feet and slamming broadside into defendant's utility pole, which was located 8 feet from the edge of the paved roadway and 3 feet from the edge of the gravel shoulder. The operator of the vehicle subsequently pleaded guilty to a charge of driving while intoxicated.

Under these facts, assuming (but not deciding) negligence on the part of Niagara Mohawk, it was not the proximate cause of plaintiff's injuries. Rather, it was the manner in which the automobile was being operated at the time and not the placement of the utility pole 8 feet from the edge of the 24-foot-wide roadway, which was the proximate producing cause of the accident. *(See, Hyde v County of Rensselaer,* 51 NY2d 927, 929-930; *Hayes v Malkan,* 26 NY2d 295, 298, n 3; *Darling v State of New York,* 16 NY2d 907, 908; *see also, Tomassi v Town of Union,* 46 NY2d 91, 97-98.) Concur—Kupferman, J. P., Sullivan, Asch and Ellerin, JJ.