■ BEATRICE CRECCA et al., Appellants, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered September 10, 1987 in Greene County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Beatrice Crecca (hereinafter plaintiff) was severely injured when the car in which she was a passenger and which was driven by her husband struck defendants' utility pole, which was located outside the paved portion of State Route 81 in the Town of Greenville, Greene County. Plaintiff's husband testified at a deposition that he had no recollection of how the accident occurred. Plaintiff and her husband commenced this action for damages alleging that defendants' negligent placement of the pole was the cause of her injuries. After issue was joined, defendants separately moved for summary judgment dismissing the complaint. Supreme Court granted the motions, holding that the pole's placement, as a matter of law, did not create an unreasonable danger to travelers and, thus, was not the proximate cause of plaintiff's injuries. This appeal followed.

We affirm. Photos in the record reveal that at the accident site State Route 81 is a paved highway with one travel lane in each direction. There is a paved shoulder about as wide as each travel lane and, at the end of the shoulder, there is a curb, then an asphalt strip in which defendants' utility pole is located, and then a sidewalk. The asphalt strip is not as wide as the sidewalk. Considering the extent of the paved area and the presence of a curb, it is apparent that travel beyond the paved portions was "neither contemplated nor foreseeable" *(Tomassi v Town of Union,* 46 NY2d 91, 97; *see, Kinne v State of New York,* 8 AD2d 903, *affd* 8 NY2d 1068). Defendants'

placement of the pole, even if negligent, cannot be considered a proximate cause of the accident and defendants cannot therefore be held liable *(see, Hyde v County of Rensselaer,* 51 NY2d 927, 929-930; *Hayes v Malkan,* 26 NY2d 295, 298, n 3; *see also, Scotti v Niagara Mohawk Power Corp.,* 136 AD2d 478).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.