■ RICHARD S. DiMARCO, Appellant, v ANTHONY VERONE et al., Defendants, and CONSOLIDATED RAIL CORPORATION, Also Known as CONRAIL, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered November 10, 1987, which, upon an order of the same court dated October 1, 1987, granting the motion of the defendant Consolidated Rail Corporation for summary judgment, dismissed the complaint and all cross claims as against it. The plaintiff's notice of appeal from the order dated October 1, 1987 is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed with costs.

Sometime in the early morning of December 9, 1984, the automobile in which the plaintiff was a passenger left the traveled portion of Titusville Road, in Dutchess County, and struck a signal-light post located one car's width off the shoulder of the road. The signal-light post was owned by the respondent Consolidated Rail Corporation (hereinafter Conrail). At his examination before trial, the plaintiff admitted that both he and the driver, the defendant Anthony Verone, had been drinking together the night of December 8, 1984, in at least two different bars. The Supreme Court granted Conrail's motion for summary judgment, finding that no case had been made out that the signal-light post was a hazard or proximate or concurring cause of the plaintiff's injuries. We agree.

The land surveys, deed and closing report submitted with the respondent's moving papers, as well as the affidavit of the respondent's real estate supervisor, Philip Wolk, show that, at the time of the accident, the property on which the signal-light post in question was located was owned by the respondent. As a matter of law, no liability exists for an injury to a traveler who leaves the roadway and strikes an object entirely on private property and not within the highway right-of-way (Hayes v Malkan, 26 NY2d 295).

In any event, the record discloses that it was the manner in which the automobile was being operated at the time and not the placement of the signal-light post which, as a matter of law, was the sole proximate cause of the accident and the plaintiff's consequent injuries *(see, Hyde v County of Rensselaer,* 51 NY2d 927; *Tomassi v Town of Union,* 46 NY2d 91; *Hayes v Malkan,* 26 NY2d 295, 298, *supra; Scotti v Niagara Mohawk Power Corp.,* 136 AD2d 478).

Accordingly, as no triable issues of fact exist, the court properly granted Conrail's motion for summary judgment *(Andre v Pomeroy,* 35 NY2d 361). Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.