■ LILLIAN JULIANO et al., Respondents, v NEW YORK TELEPHONE COMPANY et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant New York Telephone Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hand, J.), dated October 24, 1988, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and the defendant Long Island Lighting Company separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendant Long Island

Lighting Company's cross motion for summary judgment dismissing the complaint insofar as asserted against it, and by substituting therefor a provision granting the cross motion and dismissing the complaint insofar as asserted against the defendant Long Island Lighting Company, and the action against the remaining defendants is severed; as so modified, the order is affirmed, insofar as appealed from, with costs to the defendant Long Island Lighting Company payable by the plaintiffs.

On a snowy morning in March 1977, the plaintiff Lillian Juliano was proceeding through the intersection of the Odin-Harding Road and Prince Street located in Rocky Point, New York, when she was forced to make a sharp turn in order to avoid being struck by a vehicle operated by the defendant Ethel Thomas. There was some impact between the two cars. During the course of the turn, the plaintiff's car struck a telephone pole located near the roadway, and she sustained injuries which have left her paralyzed from the neck down.

It is well settled that summary judgment will be granted only when there are no genuine triable issues of fact (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). At the oral argument of this appeal, the defendant New York Telephone Company (hereinafter the Telephone Company) acknowledged for the purposes of its summary judgment motion only, that it was negligent in the placement of the pole, but argued that any such negligence was not a proximate cause of the accident. However, the Telephone Company's argument overlooks the fact that, under the circumstances of this case, there exists a separate issue of fact for the jury to resolve; namely, whether the placement of the pole, assuming (but not deciding herein) that it was negligently placed, was a substantial factor in aggravating the plaintiff's injuries (see, Gutelle v City of New York, 55 NY2d 794, 796; Stuart-Bullock v State of New York, 33 NY2d 418, 421; see also, Gomez v New York State Thruway Auth., 73 NY2d 724). Therefore, the defendant Telephone Company is not entitled to summary judgment in its favor.

On the other hand, the record is barren of any proof that the defendant Long Island Lighting Company was responsible in any way for the location or maintenance of the pole and, therefore, the complaint insofar as asserted against it is dismissed (see, Stewart v New York Tel. Co., 136 AD2d 907). Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.