■ DOLORES L. JEFFRIES et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 71070.)—In a claim to recover damages for personal injuries, the claimants appeal from a judgment of the Court of Claims (Rossetti, J.), dated August 1, 1988, which, after a nonjury trial, is in favor of the State and against the claimants dismissing the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

On March 13, 1985, at about 12:30 P.M. a rented automobile operated by the claimant Dolores L. Jeffries left the traveled portion of Sunrise Highway in Valley Stream, Nassau County, and struck a tree located about 30 to 40 feet from the edge of the roadway and about 217 feet from where the claimant left the roadway.

The theory of the claimant's case was that the State negligently failed to maintain the highway and that a dropoff on the edge of the roadway caused her to lose control of her vehicle. We conclude, as did the Court of Claims, that the claimant sufficiently established the State's negligence in permitting a 2-to-4-inch dropoff to exist on the edge of the highway in violation of its own standards. Notwithstanding this negligence on the part of the State, the claimant failed to prove that the dropoff at the edge of the road was the proximate cause of the accident and injuries. Rather, the record discloses that it was the manner in which the claimant was operating her vehicle and the possible failure of her brakes to function properly which was the sole proximate cause of the accident and the consequent injuries *(see, Stone v Williams,* 64 NY2d 639; *DiMarco v Verone,* 147 AD2d 671). Under the circumstances, the claim was properly dismissed. Mangano, P. J., Thompson, Kunzeman and Rubin, JJ., concur.