◼ VERONICA K. PARKS et al., Respondents, v THEODORE HUTCHINS et al., Defendants, and LONG ISLAND RAIL ROAD et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Long Island Rail Road and the City of New York separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (Fuchs, J.), entered March 16, 1988, as, upon a jury

verdict, is against them and in favor of the plaintiff Veronica Kim Parks in the principal sum of $5,750,000 ($5,000,000 representing damages for pain and suffering, $150,000 representing damages for medical expenses, and $600,000 representing damages for loss of earnings), in favor of the plaintiff Vera Parks individually in the principal sum of $1,179,000 ($800,000 representing damages for pain and suffering, $35,000 representing damages for medical expenses, and $344,000 representing damages for loss of earnings), and in favor of Vera Parks, as administratrix of the estate of Freddie Parks, in the principal sum of $15,000.

Ordered that the judgment is reversed insofar as appealed from by the Long Island Rail Road, on the law, the provisions thereof against the appellant Long Island Rail Road are deleted, the complaint is dismissed insofar as it is asserted against it, and the action against the remaining defendants is severed; and it is further,

Ordered that on the appeal by the City of New York, the judgment is modified, on the facts and as an exercise of discretion, (1) by reducing the principal sum awarded to the plaintiff Veronica Kim Parks against the City of New York to the principal sum of $750,000 representing damages for medical expenses and loss of earnings, and adding thereto a provision severing that plaintiff's claim for damages against the City of New York for pain and suffering and granting a new trial with respect thereto unless within 20 days after service upon her of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce award of damages from the City of New York for pain and suffering from the principal sum of the $5,000,000 to the principal sum of $2,000,000, and to the entry of an amended judgment accordingly, and (2) by reducing the principal sum awarded to the plaintiff Vera Parks individually against the City of New York to the principal sum of $379,000 representing damages for medical expenses and loss of earnings, and adding thereto a provision severing that plaintiff's claim for damages against the City of New York for pain and suffering and granting a new trial with respect thereto unless within 20 days after service upon her of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce award of damages from the City of New York for pain and suffering from the principal sum of $800,000 to the principal sum of $500,000,

and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from by the City of New York; and it is further,

Ordered that in the event that the plaintiff Veronica Kim Parks so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed insofar as appealed from by the City of New York; and it is further,

Ordered that in the event that the plaintiff Vera Parks so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed insofar as appealed from by the City of New York; and it is further,

Ordered that the appellant Long Island Rail Road is awarded one bill of costs, payable by the plaintiffs.

At approximately 10:45 P.M., on December 17, 1981, an automobile operated by the defendant Theodore Hutchins and occupied by the plaintiffs Vera Parks and her daughter Veronica Kim Parks skidded out of control while making a left turn from Clermont Avenue onto Atlantic Avenue in Brooklyn. On that cold and rainy evening, the automobile, which had a bald tire, allegedly struck a one-inch "lip" created by a concrete slab sitting atop the asphalt paving, skidded sideways over a four-inch curb, across an 11½-foot sidewalk, through a six-foot chain-link fence, and plunged 23 feet onto the electrified third rail of the Long Island Rail Road (hereinafter LIRR) train yard below. The plaintiffs escaped or were rescued moments before the automobile exploded, but they suffered severe physical injuries from the impact and ensuing fire.

After the trial on liability, the jury, *inter alia*, found the defendant LIRR negligent in failing to provide or maintain a barrier sufficient to deflect the automobile and determined that the defendant City of New York was negligent in creating a "lip" in the road surface and in constructing a curb of inadequate height. The jury found the LIRR to be 75% at fault, the city 15% at fault and the driver of the car 10% at fault and awarded aggregate damages of $1,179,000 to Vera Parks and $5,750,000 to Veronica Kim Parks. The defendants now appeal.

Preliminarily, we reject the city's assertion that it was entitled to prior written notice of the alleged defective road condition pursuant to the so-called "pothole law" *(see,* former Administrative Code of City of New York § 394a-1.0 [d] [2]). As the Court of Appeals has recently observed, prior written notice is not a prerequisite to suit where the city has created the allegedly unsafe condition *(see, Kiernan v Thompson,* 73

NY2d 840, 841-842; *Combs v Incorporated Vil. of Freeport,* 139 AD2d 688; *cf., Hughes v Jahoda,* 75 NY2d 881, 883). It cannot be seriously disputed that the city was responsible for the construction of the concrete slab placed in the roadbed of a city street.

Contrary to the city's contentions, the evidence adduced at trial was sufficient to support the jury's conclusion that the city committed negligent acts which constituted a proximate cause of the injuries sustained by the plaintiffs. In order for a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Rivera v New York City Tr. Auth.,* 161 AD2d 132; *Randolph v City of New York,* 69 NY2d 844; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517). At the trial, the plaintiffs' expert testified, *inter alia,* that the placement of the one-inch "lip" in the roadbed was a departure from accepted engineering practices, and constituted a competent producing cause of the automobile's loss of control. Although the city now contends that the one-inch lip was "trivial as a matter of law", the plaintiffs' expert, upon reviewing the circumstances surrounding the accident, stated otherwise. It is well settled that the weight to be afforded the testimony of experts is a "matter 'peculiarly within the province of the jury' " *(Rivera v New York City Tr. Auth., supra,* at 134, quoting from *Sternemann v Langs,* 93 AD2d 819). The city did not provide expert testimony refuting the plaintiffs' experts and supporting its present assertion that the placement of the "lip" in the roadway did not constitute a departure from accepted engineering standards, or that its presence could not have caused the driver to lose control of the automobile.

However, the complaint should have been dismissed insofar as it is asserted against the defendant LIRR. As we have previously observed, "[i]t is well settled that in order for plaintiffs to prevail on a claim of common-law negligence there must first be a legal duty owed by the defendant to them" *(Krinick v Sharac Rest.,* 144 AD2d 440; *see also, Solomon v City of New York,* 66 NY2d 1026, 1027; *Pulka v Edelman,* 40 NY2d 781, 782; *Kimbar v Estis,* 1 NY2d 399, 405; *Bauer v Town of Hempstead,* 143 AD2d 793). Moreover, " '[f]orseeability of harm is alone not enough' " *(Krinick v Sharac Rest., supra,* at 440, quoting from *D'Amico v Christie,*

71 NY2d 76, 87; *Eiseman v State of New York,* 70 NY2d 175, 187; *Waters v New York City Hous. Auth.,* 69 NY2d 225; *Strauss v Belle Realty Co.,* 65 NY2d 399, 402; *Pulka v Edelman,* 40 NY2d 781, 782, *supra).*

Significantly, "[u]nlike foreseeability and causation, both generally factual issues to be resolved on a case-by-case basis by the fact finder, the duty owed by one member of society to another is a legal issue for the courts" *(Eiseman v State of New York, supra,* at 187; *De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055; *see also, Pulka v Edelman, supra).* Indeed, " '[i]n fixing the bounds of that duty, not only logic and science, but policy play an important role' " *(Strauss v Belle Realty Co., supra,* at 402, quoting from *De Angelis v Lutheran Med. Center, supra,* at 1055; *see also, Waters v New York City Hous. Auth.,* 69 NY2d 225, 229, *supra; Tobin v Grossman,* 24 NY2d 609, 619).

Upon our review of the evidence, we discern no basis upon which the liability of the LIRR may be legally predicated. As the foregoing authorities reveal, the question of whether a duty exists must be analyzed in light, *inter alia,* of relevant policy concerns, including the likelihood of the injury, the scope of the burden to be imposed in guarding against it, and the consequences of placing that burden on the defendant *(see, Eiseman v State of New York, supra; Strauss v Belle Realty Co., supra; Pulka v Edelman, supra).* Under the circumstances presented, it would be unreasonable to charge the LIRR with the duty of erecting a barrier capable of halting the progress of a negligently operated automobile which has left the roadway and traversed an 11½-foot wide adjacent sidewalk *(cf., Hayes v Malkan,* 26 NY2d 295, 299; *Diven v Village of Hastings-on-Hudson,* 156 AD2d 538). To impose such a duty would be to require the LIRR to assume the burden of insuring the safety of any motorist whose automobile strays from the confines of the roadway and over the abutting sidewalk area, an obligation which "transcends that imposed by reasonable care and foresight" *(Tomassi v Town of Union,* 46 NY2d 91, 98; *see also, DiMarco v Verone,* 147 AD2d 671).

Even if we were to conclude that such a duty existed, we would nevertheless hold that the proof adduced at trial failed to establish that the injury sustained constituted a foreseeable consequence of the LIRR's conduct in constructing the fence barrier *(cf., Gordon v City of New York,* 70 NY2d 839, 841; *Pulka v Edelman, supra,* at 785). Notably, "[w]hether hindsight reveals that greater precautions could have been taken to avoid the harm that eventuated is irrelevant if the injury

could not reasonably have been foreseen at the moment the defendant engaged in the activity which later proves harmful" *(Danielenko v Kinny Rent A Car,* 57 NY2d 198, 204; *see also, Gordon v City of New York, supra).* At bar, the railroad yard's distance from the paved roadway, the roadway's more than ample width, and the presence of the curb and abutting sidewalk area, establish that travel beyond the limits of the roadway was "neither contemplated nor foreseeable" *(Tomassi v Town of Union, supra,* at 97; *see also, Rivera v Goldstein,* 152 AD2d 556; *Alberti v Rydill,* 152 AD2d 520; *DiMarco v Verone, supra; cf., Hyde v County of Rensselaer,* 51 NY2d 927, 929-930). Furthermore, neither the presence of the railroad yard nor the inability of the fence to withstand the impact of a runaway automobile is sufficient to establish the LIRR's "liability for the unforeseeable event of a driver losing control of his vehicle" *(Rivera v Goldstein, supra,* at 557). In any event, the record establishes that it was the manner in which the automobile was being operated, in conjunction with the allegedly negligent conduct of the city, which were the proximate causes of the accident, and not the conduct of the LIRR in failing to erect a barrier capable of deflecting the plaintiffs' automobile *(see, Alberti v Rydill, supra; DiMarco v Verone, supra; Scotti v Niagara Mohawk Power Corp.,* 136 AD2d 478).

The damages were excessive to the extent indicated.

We have reviewed the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Kooper and Eiber, JJ., concur.