■ EDWIN WANG, Appellant, v COUNTY OF ROCKLAND et al., Respondents, et al., Defendants. (And Two Other Related Actions.)—Mercure, J.

Plaintiffs commenced these actions to recover for injuries sustained in a one-car accident which took place on Old Route 304 in the Town of Clarkstown, Rockland County. The automobile, operated by defendant Pisit Laboonchareon, failed to negotiate a sharp left curve in the road, slid sideways on the right shoulder for some distance and struck a utility pole. Liability against defendants County of Rockland, New York Telephone Company and Orange & Rockland Utilities Inc. (hereinafter collectively referred to as defendants) is based upon the design, construction and condition of the highway and the location of one or more utility poles on the right side of the road. At the conclusion of plaintiffs' case, Supreme Court dismissed the complaint against defendants upon the ground that plaintiffs had failed to establish prima facie that defendants' negligence, if any, was a proximate cause of the accident. Plaintiffs appeal.

We affirm. Laboonchareon offered the only first-hand account of the circumstances surrounding the accident, and it was his testimony that he "saw a curve [that he] didn't expect" and then lost control of the car and hit something. He also indicated that he was not familiar with the road, that he did not know how fast he was traveling, that he did not see the double yellow line down the center of the road or the white lines along the edges of the road, that he saw no signs of any kind, although the evidence established that there was a curve warning and 25 mile-per-hour advisory speed control sign on the approach to the curve, and that he was not using his high beams at the time of the accident although there was no other traffic on the road. Under the circumstances, we

conclude that the manner in which the vehicle was being operated was the sole proximate cause of the accident *(see, Tomassi v Town of Union,* 46 NY2d 91, 97-98; *DiMarco v Verone,* 147 AD2d 671; *Crecca v Central Hudson Gas & Elec. Corp.,* 146 AD2d 858; *Scotti v Niagara Mohawk Power Corp.,* 136 AD2d 478). Moreover, we agree with New York Telephone Company's contention that plaintiffs' failure to establish that the subject telephone pole was situated within the County's right-of-way provided an independent basis for dismissal of the complaint against defendants *(see, Hayes v Malkan,* 26 NY2d 295, 298-299; *DiMarco v Verone, supra).*

Plaintiffs' remaining contentions, which relate solely to the issue of defendants' negligence, need not be considered.

Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.