■ Erika A. Kirtoglou et al., Respondents, v Gerald Fogarty et al., Defendants, and New York Telephone Company, Appellant. [653 NYS2d 432] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered February 26, 1996 in Rensselaer County, which denied defendant New York Telephone Company's motion for summary judgment dismissing the amended complaint against it, and (2) from an order of said court, entered July 31, 1996 in Rensselaer County, which, *inter alia*, denied said defendant's motion for reconsideration.

This personal injury action arises from a motor vehicle ac-

---

cident on Fogarty Road in the Town of Schaghticoke, Rensselaer County. Fogarty Road is a two-lane road, approximately 21 feet wide, with a double-yellow line down the middle and an unimproved shoulder on each side. While traveling west on Fogarty Road, plaintiff Erika A. Kirtoglou (hereinafter plaintiff) crossed the double-yellow line into the eastbound lane of traffic in order to avoid several parked cars in the westbound lane. In so doing, plaintiff's vehicle, which was traveling three miles over the posted 45 mile-per-hour speed limit, crashed into an oncoming eastbound vehicle. Plaintiff's vehicle then spun around, crossed back over into the westbound lane and left the paved portion of Fogarty Road, striking a truncated utility pole owned and maintained by defendant New York Telephone Company (hereinafter defendant). The utility pole, which had been installed in 1951, was five feet high at the time of the accident and located in a grassy area five feet off the paved portion of Fogarty Road.

Plaintiff and her parents, derivatively, commenced this action against, among others, defendant alleging that it was negligent "in failing to properly design, create, place, keep, use, maintain, repair or move or cause to be removed the pole in the vicinity of the Fogarty property" and that such negligence was a proximate cause of plaintiff's injuries. After issue was joined and some discovery ensued, defendant moved for summary judgment dismissing the complaint against it, which was denied by Supreme Court. Thereafter, defendant moved for reargument and renewal. Supreme Court granted that part of defendant's motion which sought reargument, but nevertheless adhered to its original decision denying defendant summary judgment. Supreme Court denied that part of defendant's motion seeking renewal on the ground that defendant failed to set forth a justifiable excuse for not placing its "new" evidence before the court on its original motion for summary judgment. Defendant appeals from both orders.

Because we find, as a matter of law, that the presence of the utility pole in the grassy area off Fogarty Road did not cause the accident at issue, summary judgment should have been granted to defendant. The Court of Appeals' decision in *Tomassi v Town of Union* (46 NY2d 91), which involved a motor vehicle accident occurring on a 22-foot wide, two-lane roadway with drainage ditches on both sides, is instructive. As noted by the Court of Appeals in *Tomassi*: "Undoubtedly, certain risks are unavoidable. Especially in rural locales, such objects as utility poles, drainage ditches, culverts, trees and shrubbery are often in close proximity to the traveled right of way * * * But for the careful driver, the placement of these items near

the pavement creates no unreasonable danger" (*id.*, at 97 [citation omitted]). Travel beyond a roadway whose width is more than adequate to ensure safe passage of vehicles, the *Tomassi* Court noted, "is neither contemplated nor foreseeable" (*id.* at 97; *see, Crecca v Central Hudson Gas & Elec. Corp.*, 146 AD2d 858; *Kinne v State of New York*, 8 AD2d 903, *affd* 8 NY2d 1068). Indeed, "[a] driver who is forced to leave the paved portion of the highway by the misconduct of * * * other[s] * * * would be as likely to hit [an object] 10 feet or more from the pavement as he [or she] would one closer" (*Kinne v State of New York, supra*, at 903; *see, Ellis v State of New York*, 16 AD2d 727, 728, *affd* 12 NY2d 770).

Here, even if plaintiffs raised material issues of fact that defendant's placement of the utility pole five feet off the paved portion of Fogarty Road might have been negligent and contributed to plaintiff's injuries, "the record is devoid of any evidence establishing that such negligence was the proximate or concurring cause of the *accident*" (*Tomassi v Town of Union, supra*, at 98 [emphasis supplied]; *see, Hayes v Malkan*, 26 NY2d 295, 298, n 3; *Darling v State of New York*, 16 NY2d 907, 908; *Alberti v Rydill*, 152 AD2d 520, 522; *DiMarco v Verone*, 147 AD2d 671, 672; *Crecca v Central Hudson Gas & Elec. Corp., supra; Scotti v Niagara Mohawk Power Corp.*, 136 AD2d 478, 479; *Kinne v State of New York, supra; but see, Juliano v New York Tel. Co.*, 160 AD2d 673; *Olson v State of New York*, 139 AD2d 713).[1] The accident in this case was caused by the manner in which plaintiff drove her vehicle in response to obstructing vehicles in the westbound lane of traffic (*see, DiMarco v Verone, supra; Scotti v Niagara Mohawk Power Corp., supra*).[2] Notably, none of the evidence submitted by plaintiffs in opposition to defendant's summary judgment motion, including the affidavit of their expert witness, raised a material factual dispute regarding how and why this accident took place or, more precisely, whether the presence of the utility pole was

---

1. Plaintiffs' reliance on *Bottalico v State of New York* (59 NY2d 302) is not compelling. At issue in *Bottalico* was the condition of a roadway shoulder. The Court of Appeals noted that "[i]t is * * * both foreseeable and contemplated that, once provided, an improved shoulder at times will be driven upon" (*id.*, at 305). The Court further held that "[n]o meaningful legal distinction can be made between a traveler who uses a shoulder with justification and one who uses it negligently insofar as how such conduct relates to whom a duty is owed to maintain the shoulder" (*id.*, at 306).

2. We need not, and specifically do not, make any findings with respect to the alleged negligence of either plaintiff or the owners of the obstructing vehicles. These issues are not before this Court and not essential to our holding that defendant's placement of the utility pole in no way caused this accident.

one of its causes. Put another way, under no version of events that day can it be said that this accident was set into motion by the presence of the utility pole on the side of Fogarty Road.

Accordingly, even assuming (without deciding) negligence on defendant's part, it was not the proximate producing cause of plaintiff's accident and liability, therefore, simply does not lie against defendant (see, Hayes v Malkan, supra; DiMarco v Verone, supra; Crecca v Central Hudson Gas & Elec. Corp., supra; Scotti v Niagara Mohawk Power Corp., supra; see generally, Gleason v Reynolds Leasing Corp., 227 AD2d 375, lv denied 89 NY2d 802; Stein v Pat Noto, Inc., 226 AD2d 624). Thus, Supreme Court erred in denying defendant's motion for summary judgment. We further note that, because plaintiffs have failed to demonstrate how further discovery might reveal the existence of material facts within defendant's exclusive knowledge with respect to the manner in which this accident occurred, summary judgment is not premature (see, Halsey v County of Madison, 215 AD2d 824).

As a final matter, nothing contained in the papers submitted in support of defendant's motion for reconsideration warrant a contrary result.

White, J. P., Casey, Peters, and Spain JJ., concur. Ordered that the orders are reversed, on the law, with costs, motion granted, summary judgment awarded to defendant New York Telephone Company and complaint dismissed against it.