■ KATHERINE J. SHEVALIER, a Person Alleged to be Incapacitated, by EDNA SHEVALIER, Her Guardian, et al., Appellants, v PAUL R. BENTLEY et al., Defendants, and TOWN OF CAROLINE, Respondent. [700 NYS2d 585] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 20, 1998 in Tompkins County, which granted defendant Town of Caroline's motion for summary judgment dismissing the complaint and all cross claims against it.

On September 10, 1994 at approximately 9:20 P.M., plaintiff Katherine J. Shevalier (hereinafter plaintiff) sustained severe personal injuries when the vehicle in which she was a front-seat passenger was involved in a one-car accident on Buffalo Road in the Town of Caroline, Tompkins County. The driver of the vehicle, defendant Paul R. Bentley, who had consumed 18 to 24 beers prior to the accident, was operating the vehicle in a southerly direction at a speed of approximately 85 miles per hour in a 55-mile-per-hour zone when it veered onto the shoulder of the road. As Bentley overcorrected, the vehicle shot across both lanes of travel and struck a tree located more than six feet beyond the east side of the road. Bentley averred that he traveled this road hundreds, if not thousands, of times.

As a result of the injuries sustained by plaintiff,* she, along with her daughter derivatively, commenced this action alleging that the Town was negligent in not putting a guardrail along

---

* By an April 25, 1995 order of Supreme Court (Siragusa, J.), plaintiff was adjudicated an incapacitated person and was appointed a guardian, Edna

the southerly portion of Buffalo Road which it owns and maintains and that it was foreseeable that vehicles would come into contact with trees along its boundaries. It further alleged that the Town failed to consult outside traffic safety engineers or relevant written guidelines in determining a traffic safety plan for this location and that it failed to comply with Highway Law § 319 with regard to the removal of trees from the bounds of the public highway.

After joinder, Supreme Court granted the Town's motion for summary judgment finding no evidence that the road was defective and that Bentley's negligence was the proximate cause of the accident. Plaintiffs appeal.

It is well settled that a municipality owes to the traveling public a nondelegable duty to keep its highways in a reasonably safe condition (*see, Hough v State of New York*, 203 AD2d 736, 736-737). Notwithstanding such duty, "[a] municipality * * * is not an insurer of the safety of its roadways" (*Tomassi v Town of Union*, 46 NY2d 91, 97) and " 'no liability will attach unless the ascribed negligence of the [municipality] in maintaining its roads in a reasonable condition is the proximate cause of the accident' " (*Hough v State of New York, supra*, at 737, quoting *Hearn v State of New York*, 157 AD2d 883, 885, *lv denied* 75 NY2d 710). Within these parameters, the Court of Appeals has noted the following: "Undoubtedly, certain risks are unavoidable. Especially in rural locales, such objects as utility poles, drainage ditches, culverts, trees and shrubbery are often in close proximity to the traveled right of way * * * But for the careful driver, the placement of these items near the pavement creates no unreasonable danger" (*Tomassi v Town of Union, supra*, at 97 [citation omitted]; *accord, Kirtoglou v Fogarty*, 235 AD2d 1019, 1020-1021).

The record reflects that Buffalo Road is a rural two-lane paved roadway with the total width of the paved portion measuring 20 feet, 6 inches. The paved surface is bordered by gravel shoulders which vary in width between 3.6 inches and 4 feet. A wooded area lies beyond the shoulder. It is undisputed that the tree into which this vehicle collided was approximately 6 feet, 10 inches beyond the paved roadway. Prior to this tragic accident, there were no reported accidents in this vicinity or any prior complaints concerning this area of Buffalo Road.

Concededly, the paved roadway was adequate for safe public passage, with travel beyond such roadway "neither contem-

Shevalier. By a March 17, 1995 order of Family Court (Sherman, J.), plaintiff's guardian was granted temporary custody of plaintiff's daughter.

plated nor foreseeable" (*Tomassi v Town of Union, supra,* at 97). Upon this record we cannot find any breach of a duty by the Town (*see, id.,* at 97), for it was not reasonably foreseeable that vehicles would drive off the road, cross both lanes of travel and then subsequently drive into a tree (*see, Tomassi v Town of Union, supra; Kirtoglou v Fogarty, supra; see also, DiMarco v Verone,* 147 AD2d 671). Plaintiff's reliance upon *Temple v Chenango County* (228 AD2d 938) is misplaced due to the different terrain abutting the road as well as the existence of original drawings which included cable guardrails at the area of the accident.

Even if we were to determine that plaintiffs raised a material issue of fact on their theories of liability, we would conclude, as a matter of law, that the proximate cause of this accident and plaintiff's consequential injuries was the manner in which Bentley operated this vehicle while in a highly intoxicated state, not a failure by the Town "to provide more safeguards to prevent motor vehicles [from] leaving the roadway" (*Tomassi v Town of Union, supra,* at 98; *see, Kirtoglou v Fogarty, supra; DiMarco v Verone, supra; Scotti v Niagara Mohawk Power Corp.,* 136 AD2d 478; *see also, Hyde v County of Rensselaer,* 51 NY2d 927; *Darling v State of New York,* 16 NY2d 907; *Wang v County of Rockland,* 179 AD2d 977, *lv denied* 80 NY2d 753; *Crecca v Central Hudson Gas & Elec. Corp.,* 146 AD2d 858).

Accordingly, summary judgment was properly granted to the Town.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.