In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 12, 2002, as granted those branches of the separate cross motions of the *483 defendants Central Hudson Gas & Electric Corporation, New York Telephone Company, and Dutchess Quarry & Supply Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendant County of Dutchess separately appeals, as limited by its brief, from stated portions of the same order which, inter alia, denied its cross motion for severance and for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of its separate cross motion which was to vacate a prior order of the same court dated November 15, 2001, directing the deposition of the defendant Martin Leshaj.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants Central Hudson Gas & Electric Corporation, New York Telephone Company, and Dutchess Quarry & Supply Co., Inc., by the plaintiffs and the defendant County of Dutchess.
On the evening of April 17, 1998, the defendant Martin Leshaj was driving on a curve on Freedom Road in the Town of LaGrange when his car began to slide on the wet roadway. Leshaj lost control of his vehicle and skidded off the roadway, striking a utility pole located approximately 13 feet, 3 inches away from the edge of the pavement on the west side of Freedom Road. The plaintiff Michelle Ingoglia, a passenger in Leshaj’s vehicle, was seriously injured in the collision.
Shortly after the accident, the injured plaintiff and her mother commenced this action against Leshaj. The plaintiffs subsequently amended their complaint to add the Central Hudson Gas & Electric Corporation (hereinafter Central Hudson), the New York Telephone Company (hereinafter New York Telephone), the Dutchess Quarry & Supply Co., Inc. (hereinafter Dutchess Quarry), and the County of Dutchess as additional defendants. Central Hudson and New York Telephone jointly own the utility pole which Leshaj’s vehicle struck when it left the roadway, and Dutchess Quarry manufactured and supplied the asphalt which the County used on its roadways. The plaintiffs deposed Leshaj in June 1999, before the other defendants were joined in the action. However, attempts by the other defendants to depose Leshaj were unsuccessful, and on August 1, 2001, the Supreme Court issued a conditional order striking Leshaj’s answer and precluding him from testifying at the trial of this action unless he appeared for a deposition within 30 days. It is undisputed that Leshaj failed to timely comply with the conditional preclusion order, allegedly because he had moved from Columbia County to the Bronx.
Shortly after the conditional order of preclusion became final, *484 the County filed a cross motion for severance pursuant to CPLR 603, and for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiffs would be unable to establish a prima facie case without Leshaj’s testimony. Central Hudson and New York Telephone then cross-moved, inter alia, for summary judgment, contending that they could not be held liable because the utility pole which they jointly owned was located on private property over 13 feet from the paved edge of the roadway. Dutchess Quarry also cross-moved for summary judgment, maintaining that it could not be held liable for the accident because the asphalt it supplied to the County was manufactured in accordance with specifications set forth by the New York State Department of Transportation (hereinafter the DOT). While these motions were pending, the County also cross-moved to vacate a prior order of the Supreme Court dated November 15, 2001, directing Leshaj to appear for a further deposition. The Supreme Court awarded summary judgment to Central Hudson, New York Telephone, and Dutchess Quarry, but denied the County’s cross motions.
Contrary to the plaintiffs’ contention, the Supreme Court properly awarded summary judgment to Central Hudson and New York Telephone. It is well settled that “no liability exists for an injury to a traveler who leaves the roadway and strikes an object entirely on private property and not within the highway right-of-way” (DiMarco v Verone, 147 AD2d 671 [1989]; see Hayes v Malkan, 26 NY2d 295 [1970]; Echorst v Kaim, 288 AD2d 595 [2001]; Wang v County of Rockland, 179 AD2d 977 [1992]). In support of their respective cross motions for summary judgment, Central Hudson and New York Telephone relied on the affidavit of a surveyor that the subject utility pole was located on private property pursuant to an easement, and that the County never acquired title to this land. The evidence the plaintiffs submitted in opposition was insufficient to raise a triable issue of fact as to whether the subject utility pole was within the right-of-way. In any event, even if the subject utility pole was situated within the right-of-way, its placement over 13 feet from the edge of the paved roadway was not an unreasonable hazard to motorists for which Central Hudson and New York Telephone can be held liable (see Tomassi v Town of Union, 46 NY2d 91 [1978]; Ciasullo v Town of Greenville, 275 AD2d 338 [2000]; Guy v Rochester Gas & Elec. Corp., 168 AD2d 965 [1990]).
The Supreme Court also properly awarded summary judgment to Dutchess Quarry. Dutchess Quarry satisfied its burden of demonstrating its entitlement to judgment as a matter of law *485 by submitting evidentiary proof that the asphalt it supplied to the County was manufactured in accordance with the specifications of the DOT. In opposition to the motion, the plaintiffs failed to come forward with evidence to support their claim that the asphalt manufactured by Dutchess Quarry may not have met the specifications of the DOT.
However, we reject the County’s contention that the Supreme Court erred in denying its cross motion to sever the action against it from the action against Leshaj, and for summary judgment in its favor. In support of that branch of its cross motion which was for summary judgment, the County failed to submit admissible evidence to establish that it fulfilled its duty to maintain the subject roadway in a reasonably safe condition (see Hepburn v Croce, 295 AD2d 475 [2002]; Boyd v Trent, 262 AD2d 260 [1999]). Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the County’s cross motion which sought a severance pursuant to CPLR 603. There are common factual issues involved in the claims against the County and Leshaj, and the interests of judicial economy and consistency will be served by having a single trial (see Shanley v Callanan Indus., 54 NY2d 52 [1981]; McCrimmon v County of Nassau, 302 AD2d 372 [2003]; Vierya v Briggs & Stratton Corp., 184 AD2d 766 [1992]).
Finally, we reject the County’s contention that the Supreme Court erred in denying its separate cross motion to vacate the prior order directing Leshaj to appear for a further deposition. Although an order of preclusion was issued which struck Leshaj’s answer and prohibits him from offering testimony at trial to establish that he was free from negligence in the happening of the accident, the plaintiffs have done “nothing to incur a sanction which would have an adverse effect on their interests” (Comarco Data Servs. v Tru-Check Computer Sys., 154 AD2d 249, 250 [1989]). Accordingly, the order of preclusion entered against Leshaj does not operate to bar the plaintiffs from further deposing him, or from utilizing his deposition testimony and calling him as a witness at trial.
We note that we disagree with the Supreme Court’s apparent finding that the County engaged in frivolous conduct. Smith, J.E, Krausman, McGinity and Rivera, JJ., concur.