DAVID OWENS et al., Appellants, v MYRA CAMPBELL, Defendant, and TOWN OF TYRONE, Respondent. [792 NYS2d 659]—

Carpinello, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered February 18, 2004 in Schuyler County, which, inter alia, granted the motion of defendant Town of Tyrone for summary judgment dismissing the complaint against it.

This case stems from an accident between plaintiff David Owens (hereinafter plaintiff) and defendant Myra Campbell on West Lake Road in the Town of Tyrone, Schuyler County.[1] According to plaintiff, as he was driving his motorcycle heading into a curve on this rural road, Campbell's truck crossed over into his lane of traffic and he was struck within a matter of seconds. At issue on appeal is an order of Supreme Court granting summary judgment to defendant Town of Tyrone. We now affirm.

Plaintiffs claim that the Town is at fault because it permitted an unreasonably dangerous condition to exist on the road, namely, a ditch located too close to an overly narrow shoulder. Specifically, they assert that a ditch (which contained a sluice pipe) adjacent to the road's narrow, unimproved shoulder was too deep and too close to the road and that, but for its presence,

---

1. Plaintiff's wife has a derivative claim.

plaintiff would have had time to avoid the accident. In our view, the Court of Appeals' decision in *Tomassi v Town of Union* (46 NY2d 91, 97 [1978]) squarely governs the facts of this case and supports Supreme Court's dismissal of the action against the Town.

With respect to a municipality's duty to maintain highways in a reasonably safe condition, the Court of Appeals in *Tomassi* noted that "[u]ndoubtedly, certain risks are unavoidable. Especially in rural locales, such objects as . . . drainage ditches . . . are often in close proximity to the traveled right of way. But for the careful driver, the placement of these items near the pavement creates no unreasonable danger" (*id.* [citation omitted]). Indeed, "where the paved road surface is 'more than adequate for safe public passage,' travel beyond those limits on unimproved land adjacent to the roadway is generally not contemplated or foreseeable and therefore the municipality is under no duty to maintain it for vehicular traffic" (*Stiuso v City of New York*, 87 NY2d 889, 891 [1995], quoting *Tomassi v Town of Union, supra* at 97; *see Kimber v State of New York*, 294 AD2d 692, 693 [2002], *lv denied* 99 NY2d 501 [2002]; *Muller v State of New York*, 240 AD2d 881 [1997]; *Kinne v State of New York*, 8 AD2d 903 [1959], *affd* 8 NY2d 1068 [1960]). Here, there is no real dispute that the paved roadway itself was more than adequate for safe public passage.

The record reveals that the 22-foot wide road was wider than average, had two-foot wide unimproved shoulders, was in good condition[2] and experienced only low to moderate rural traffic. Furthermore, according to the Town's highway superintendent, no prior complaints had been made about the road in the vicinity of plaintiff's accident nor had any prior accidents been reported. In sum, we find that the Town satisfied its duty here since the road was "reasonably safe for drivers who obey the rules of the road" (*Howard v Tylutki*, 305 AD2d 907, 908 [2003]; *see Duger v Estate of Carey*, 295 AD2d 878, 878-879 [2002]; *Kimber v State of New York, supra* at 693; *Shevalier v Bentley*, 268 AD2d 622 [2000]) and the Town was under no legal obligation to provide an emergency escape route when one vehicle crosses over into the path of another.[3]

In any event, even assuming that a duty had been established

---

**2.** Plaintiff himself described the condition of the road as "smooth blacktop."

**3.** Contrary to plaintiffs' contention, the facts of this case do not fall "squarely" within *Gutelle v City of New York* (55 NY2d 794 [1981]), which concerned allegedly defectively designed concrete abutments that were a substantial factor in aggravating a motorist's injuries, or *Bottalico v State of New York* (59 NY2d 302 [1983]), which concerned precipitous drops between a

on the part of the Town, the record establishes that the sole proximate cause of the accident was the manner in which Campbell operated her truck (*see Tomassi v Town of Union, supra* at 98; *Parmeter v Bedard,* 295 AD2d 779 [2002], *lv denied* 98 NY2d 614 [2002]; *Duger v Estate of Carey, supra*; *Shevalier v Bentley, supra*; *Kirtoglou v Fogarty,* 235 AD2d 1019 [1997]; *Kinne v State of New York, supra*). In other words, we reject plaintiffs' assertion that the ditch itself set "the actual occurrence of the accident" into motion. Rather, it was Campbell, whose attention was momentarily diverted from the road as she was driving that afternoon, who caused the accident. When she finally refocused her attention, "[plaintiff] was there" and the impact occurred. Moreover, according to Campbell, she never saw plaintiff before the impact and did not apply her brakes.

Plaintiff confirmed that he was traveling on his side of the road when Campbell's "whole vehicle" came into his lane of traffic and the impact occurred on or near his shoulder of the road. According to plaintiff, when he first noticed Campbell's truck, it was "[r]ight in front of [him]" and that "[i]t was a matter of seconds until impact." In our view, this evidence establishes, as a matter of law, that Campbell alone was the sole proximate cause of this accident. Accordingly, summary judgment was properly granted to the Town.

Cardona, P.J., Mugglin and Kane, JJ., concur; Crew III, J., not taking part. Ordered that the order is affirmed, without costs.

roadway and its *improved* shoulder. Neither scenario applies here, particularly since the shoulder itself was unimproved and plaintiff never encountered the ditch and thus there was no aggravation of injuries. Moreover, it would be pure speculation to conclude, as plaintiffs argue, that had plaintiff "opted" for the ditch, his otherwise devastating injuries would have been worse. It is equally speculative to conclude that plaintiff could have avoided the collision, but for the narrow shoulder and the ditch, since plaintiff and Campbell agreed that the impact occurred within a matter of seconds (*see Duger v Estate of Carey, supra* at 879).