*824 In an action to recover damages for personal injuries and injury to property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated August 1, 2011, as granted that branch of the motion of the defendants Central Hudson Gas & Electric Corporation, Citizens Telecommunications Company of New York, Inc., and Frontier Communications of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured when his motorcycle collided with an automobile driven by the defendant Thomas McCarthy at the intersection of Route 9G and Rokeby Road in the town of Red Hook in Dutchess County. The plaintiff commenced this action alleging, inter alia, that the utility pole jointly owned by the defendants Central Hudson Gas & Electric Corporation, Citizens Telecommunications Company of New York, Inc., and Frontier Communications of New York, Inc. (hereinafter collectively the utility defendants), located on the southeast corner of Route 9G and Rokeby Road had obstructed McCarthy’s view of his motorcycle. The Supreme Court granted the utility defendants’ motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the pole was not a proximate cause of the accident.
The utility defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting evidence demonstrating that their placement of the subject utility pole was not a proximate cause of the accident (see Hyde v County of Rensselaer, 51 NY2d 927, 929-930 [1980]; Hayes v Malkan, 26 NY2d 295, 298 n 3 [1970]; see also Crecca v Central Hudson Gas & Elec. Corp., 146 AD2d 858 [1989]; Scotti v Niagara Mohawk Power Corp., 136 AD2d 478 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact. The Supreme Court correctly determined that McCarthy’s affidavit, submitted by the plaintiff in opposition, presented feigned issues designed to avoid the consequences of McCarthy’s earlier deposition testimony and, thus, was insufficient to defeat the subject branch of the motion (see Cuebas v City of Yonkers, 97 AD3d 779, 780 [2012]; Hunt v Meyers, 63 AD3d 685, 685-686 [2009]; Prunty v Keltie’s Bum Steer, 163 AD2d 595, 596 [1990]). Moreover, the plaintiff’s expert affidavit was speculative and conclusory and, therefore, insufficient to raise a triable issue of *825 fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Samuel v Aroneau, 270 AD2d 474 [2000]; Terwilliger v Dawes, 204 AD2d 433 [1994]; Levitt v County of Suffolk, 145 AD2d 414 [1988]). The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the utility defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.