L.J. v Jimenez (2019 NY Slip Op 02696)





L.J. v Jimenez


2019 NY Slip Op 02696


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-04590
 (Index No. 711994/15)

[*1]L.J., etc., et al., plaintiffs-respondents,
v
Olga Jimenez, et al., defendants-respondents, 35-38 Commercial, LLC, appellant, et al., defendants.


Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Scott I. Gurtman of counsel), for appellant.
Ginarte Gallardo Gonzalez Winograd LLP, New York, NY (Timothy Norton of counsel), for plaintiffs-respondents.
Law Offices of Brian J. McGovern, LLC, New City, NY, for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant 35-38 Commercial, LLC, appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered April 3, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The infant plaintiff allegedly was struck by a vehicle driven by the defendant Olga Jimenez and owned by the defendant Ilsi Caceres. The accident occurred in a driveway at premises located in Queens. The infant plaintiff and his mother (hereinafter together the plaintiffs) commenced this action against, among others, Jimenez, Caceres, and the defendant 35-38 Commercial, LLC (hereinafter 35-38 Commercial), the alleged owner of the ground floor of the subject premises. Prior to discovery, 35-38 Commercial moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, and 35-38 Commercial appeals.
35-38 Commercial established, prima facie, that its tenant's alleged placement of certain clothing racks adjacent to the driveway where the accident occurred was not a proximate cause of the accident (see Cagliostro v McCarthy, 102 AD3d 823, 824). However, in opposition, the plaintiffs, Jimenez, and Caceres raised a triable issue of fact. Accordingly, we agree with the Supreme Court's denial of 35-38 Commercial's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court